### No. 11,424.

### OCTAVE SCHEXNAYDRE VS. THE TEXAS & PACIFIC RAILWAY COMPANY.

There is no restriction as to the number of trains, regular or special, which a railroad company may run over its lines, nor is there any law in this State, except in cities, to regulate their rate of speed.

In the absence of statutory regulations common prudence will regulate the rate of speed in passing stations and crossings, and the degree of negligence will be determined by the facts in each case.

Where parties, from motives of business or pleasure, cross a track, before going on it, they are required to exercise caution, care and prudence; to look and listen for an approaching train. If they do this it is not negligence to go on the track when no train is seen or heard approaching.

Where a party goes on a railroad track for the purpose of using it as a highway, he, to a certain extent, assumes all risks; it would require very gross negligence, amounting to malice, to make the railroad company liable to him; and this rule applies with greater reason when the injured party has a safer mode of travel by a public highway.

Schexnaydre vs. Railway Co.

Greater care, caution and prudence are required of a deaf mute who goes on a railroad track than one in the full possession of all his senses. If he uses the raised bed as a highway, placing himself in a situation where hearing is one of the essentials of safety, it is negligence on his part.

A PPEAL from the Twenty-first District Court, Parish of St. John the Baptist.  *Rost, J.*

*Morris Marks, H. N. Gautier* and *J. L. Gaudet* Attorneys for Plaintiff and Appellee:

1. The removal of this case to the United States Court was properly refused by the lower court, the statute and Constitution of this State specially vesting State courts with jurisdiction in such cases.· Act 39, 1877, Sec. 3; Constitution of 1879, Art. 246.

2. The fact that plaintiff's son was a deaf mute can not militate against him, because the gross negligence and carelessness of defendants were the immediate and direct cause of his death.

3. Had the proper signals of the approach of the train to the crossing or station by the engineer been-given, the other persons who were near would have heard the same.

4. Railroad companies are required to use cautionary signals on the approach of their train to a crossing or station, and failure to do so is negligence on their part.

*Howe & Prentiss* and *L. De Poorter* Attorneys for Defendant and Appellee:

1. The court below erred in refusing to remove the case to the United States Circuit Court; in proceeding after due proceedings taken for removal and after refusal of Federal court to remand.  115 U. S. 10; 25 Fed. Rep. 513.

2. In order to recover damages in an action against a railroad company for personal injuries, the burden of proof is upon plaintiff to show that the accident complained of was caused by the negligence of the employés of the company, and also that the party injured did not, by his neglect, contribute to the same. 40 An. 792, 802.

3. It is the duty of a person approaching a railroad track to use his senses and to look and listen before attempting to cross. 31 An. 490; 40 An. 800; 39 An. 797; Wood's Railroad Law, Vol. 2, pp. 1312, 1313.

4. In this case, Louis Schexnaydre being deaf, it was his duty to look and use greater precaution in approaching the railway track. The fact of his being deaf was no excuse and did not call for greater care on the part of the employés of defendant. Beach Cont. Neg., p. 256, Sec. 197; p. 509, Sec. 396; 8 Ohio St. 570; 84 Penn. St. 226; 38 N. J. Law, 147; 18 N. Y. 422; 10 Allen, 532; 19 Ill. 508; 74 Ill. 399; 54 Penn. St. 396; 115 Mass. 190.

5. An engineer is not bound to check the speed of his train on seeing a man walking on the track at a considerable distance ahead of his train; and he has a right to presume that the man is possessed of his right senses, and will act upon the principles of common sense, and the motive of self-preservation common to mankind in general, and that he will, therefore, get out of the way. Beach Cont. Neg., pp. 506 and 507, Sec. 394.

6. Railroad companies have a right to run trains at all times; a traveler is not exempted from care and vigilance because the trains are irregular, or because extra trains are run; he is bound to know that these trains may be delayed, or that the company has a right to run special or extra trains. Wood's Railway Law, Sec. 323, pp. 1304, 1305 and 1327; 75 N. Y. 273; Brown Case, 42 An. 354.

7. It is contributory negligence on the part of a deaf mute to enter upon and travel on a railroad track and fail to use his sense of sight to detect whether a train is in sight or not. Loicher vs. R. R., 28 An. 320.

8. Speed is not negligence *per se.* Houston vs. V. S. & P. Ry. Co., 39 An. 796.

———

The opinion of the court was delivered by

McEnery, J. The plaintiff sued the defendant company for $28,300 damages for the death of his son, who was killed on the track of said company by one of its trains on the 15th December, 1890. The case was put at issue by a general denial. There was judgment for plaintiff for $20,000, and the defendant appealed.

In this case the facts are few, and the law well settled applicable to the same.

The plaintiff's son was a deaf mute and was walking on the railroad track, his back toward an approaching train, which was a special train, running at a high rate of speed. The engineer of the train gave the usual signal for the crossing, about one-half mile above Duke Station, near which the plaintiff's son was killed.

When about a quarter of a mile from Duke Station another signal of four whistles was sounded. These signals could be heard two miles on a still day. The day was clear and bright. When the last crossing signal was sounded, the engineer saw a man walking on the track. This man was the deceased son of plaintiff. The engineer did not know of his infirmity. The man paid no attention to the signal, and when within one hundred yards the engineer blew the danger signal rapidly, "very vicious and quick for a number of times." When within thirty or forty feet of the man, the engineer reversed the engine and applied the air brakes. But this last effort to avert the accident was too late and the deceased was run over.

The plaintiff's contention from these facts is that the company was guilty of negligence in running a special train at a furious speed; that proper signals]had not been given before reaching Duke's Station, and that he failed to give notice to the deceased son of plaintiff of the proximity of the train.

The defendant company has the exclusive use and control of its tracks and road-bed, and it is within its discretion to run on said

Schexnaydre vs. Railway Co.

tracks as many trains, regular or special, as its interests demand. There is no law regulating the speed of trains except in cities, whose crowded thoroughfares render this necessary. In the country, passing places where it is known that persons are in the habit of crossing the track in necessarily going from one place to another greater caution is required of a railroad company in running its trains than in unfrequented and scantily populated sections. In the absence of statutory regulations, common prudence requires this. It is a necessity in many places, in fact, along the entire road, for it to be crossed at certain points by persons whose business or pleasure takes them across it. In these instances the party attempting to cross the road, before going on the tracks, has to exercise prudence and care, and to look and listen for an approaching train. If he does this, it is not negligence on his part to go on the track when no train is seen approaching. But where the party goes on the track for the purpose of using it as a highway, he, to a certain extent, assumes all risks, and it would require very gross negligence, amounting to malice, to make the railroad company liable for an injury to him. And this rule is particularly applicable when the deceased or party injured has a safer mode of travel by a public highway, as in the instant case.

The deceased was a deaf mute. Greater care, caution and prudence were required from him than from one in full possession of all his senses. Knowing his infirmity, his use of the road as a highway, upon which trains at any time must pass, was in itself negligence.

The defendant company exercised all due diligence in running the train which killed the deceased. The usual and customary signals were given at the crossing, within the hearing of one not afflicted with deafness, and on the approach of the train to deceased he was given ample time, by signals, to get off the track. It was his unfortunate infirmity which caused the accident, and he was to blame for placing himself in a situation where hearing was one of the essentials of his safety.

It is therefore ordered, adjudged and decreed that the judgment appealed from be annulled, avoided and reversed, and it is now ordered that there be judgment for the defendant and plaintiff's sui dismissed, with all costs.