The opinion of the court was delivered by
Miller, J.
The plaintiff sues for damages for personal injuries sustained in the course of his employment as a laborer in defendants’ service, and due, he alleges, to their negligence. The answer-denies any neglect on the part of the defendants, and charges that plaintiff’s injuries were due to his own imprudence. The appeal is by plaintiff.
The work in which plaintiff engaged was digging a pit on defendants’ premises used for molding castings. The excavation was about ten feet, and when the bottom of the pit was reached, the plaintiff was struck by a heavy piece of iron left in the pit by the “overflow *979 as the witnesses term it, of some previous casting, and which fell because the earth around it was removed by plaintiff and his fellow workmen in the progress of the excavation. Of course, this piece of iron formed by the hardening of the melted metal remaining from a former casting, was not attached to the walls of the pit, or secured in its position in any way, but kept in place only by the earth around it, was bound to fall when the earth was removed. The shape of the iron disclosed, as the excavation proceeded, was irregular, wide at bottom, coming to a point at the top, with rough, uneven sides, and of a character to suggest it served no purpose fn the pit. It is in proof that when the digging had reached a point to reveal a part of this iron, its appearance attracted the attention of the workmen, caused some comment, and one of the witnesses testifies he tried to shake it; another, that it obstructed the work, and there were expressions of the workmen in reference to this impediment, and another witness states he told plaintiff not to undermine it, but he testifies, he heard no such warning nor does it appear it was heard by the other workmen. When the iron fell, plaintiff about finishing his work, begun in the morning, it then being evening, was levelling the bottom of the pit with his back to the iron. The heavy weight falling on him, inflicted injuries to his hip, legs and ankles of a character so serious as to make him a cripple with diminished use - fnlness for life. On the issue of the knowledge of the defendants of the presence of this piece of iron in the pit in which' their laborers were employed, there is the testimony that the previous proprietor of the premises using the pit for the same purpose as that for which defendants used it, left this iron in it; there is testimony that since their purchase defendants had molded large castings frequently in the pit, and there is the statement from one of the witnesses that their foreman knew of the iron and had said, before the accident, it should have been removed.
The duty of the employer to take all reasonable care against accidents to his workmen or servants, in the course of their employment, includes the obligation to keep the premises in which their services are to be rendered in safe condition. Especially is this obligation enforced in respect to latent dangers of which the employer is aware, or which with reasonable.diligence he could have informed himself. The servant takes no risk of such dangers unless the circumstances are such that he should have become aware of them in the perform *980 anee of his duties. When thus apprised, or when the danger should have suggested itself,, the protection of the servant against such risk, latent at the outset is withdrawn, or at least, qualified, 2 Thompson on Negligence, pp. 946, 947 et seq. 972, 959, 965, 1009. If this case was simply that of a workman injured while working in a pit in which there was a mass of iron apt to fall at any moment, and which did fall on him, he having no warning of the danger, it would be difficult to relieve the employer from responsility. His ignorance of the danger to which the servant was exposed, advanced as a defense, might be answered by his obligation to know that of which with reasonable diligence he would have known. But while this responsibility of the master is recognized, there is a limitation. The servant is presumed to take the risk of danger plainly revealed to him. From 11 o’clock in the morning till evening, the plaintiff and his fellow workmen were engaged in this work. They perceived this mass of iron with every indication that it was a foreign body placed or left in the pit. In the testimony of plaintiff, or at least, of his fellow workmen, they recognize the iron was an overflow, as they term it from a previous casting. It is difficult to resist the conclusion that the character of the iron, and that it was kept in place only by the earth they were removing, must, or at least, should have occurred to the workmen while the work was proceeding. It may be claimed the plaintiff supposed there were fastenings to keep the iron in place. But fastenings for such a body would hardly occur to any man of ordinary observation and reason. The law in this class of cases holding the master responsible, supposes the injury, the subject of complaint, is due to his negligence. But if the party seeking relief has encountered a plain danger, he could have completely avoided by the ordinary prudence exacted of all, the alleged neglect of the master ceases to be a factor, and the overshadowing imprudence of the servant is deemed the cause of the injury he sustained from the peril he incurred, and should have shunned (2d Thompson Negligence, p. 1008, sec. 15 et seq). In this case the iron was revealed in part, at least, as soon as four feet of the earth was removed, and in its •entirety before the bottom of the pit was reached, but no call was made on the defendant or its foreman to have the iron removed. The foreman in charge states he knew nothing of the iron. Whether or nob he did, the workmen knew of it. If that call had been made *981 and disregarded, there would be some reason to attribute their persistence in the dangerous work to the natural reliance of the servant on the protection of the master, and on his superior judgment. But no communication was made to him. Thus, in the presence of an obvious danger there was no call to remove the iron, which, if made, would doubtless have spared the plaintiff the misfortune that came on him. It is suggestive, too, that plaintiff alone of the five workmen employed was in reach of harm. We are disposed to think the attention and comment of which the iron was the subject while the work was in progress had its influence in producing on his fellow-workmen an appreciation of the danger of which the plaintiff was unconscious, and as already stated, his back was turned to the iron when it fell on him. The review of the whole testimony points to that imprudence on plaintiff’s part which is fatal to his suit.
We have considered the authorities from the text books and the decisions cited by plaintiff. Hanson vs. Railway & Transportation Company, 88 An. 111; Faren vs. Seliers, 39 An. 1011; Clairain, Tutrix, vs. Telegraph Company, 40 An. 178; Myhen and Wife vs. Electric Light & Power Company, 41 An. 967. The express sion in one of these cases that contributory negligence on the plaintiff’s part, not imprudent nor negligent in a legal sense, will not bar his recovery of damages, might have had application to some phase of that case, but on the rehearing the court felt impelled to sensibly qualify the expression. The other decisions affirm that the master must provide the servant with safe appliances to do his work, and relieves him from the risk of latent defects in the the machinery he is expected to use. That duty of the master extending as it is to keeping his premises in a condition not to endanger the life or limbs of the servant, we have borne in mind in dealing with the case. But it seems to us that the decision here is controlled by that limitation of the master’s responsibility, excluding it when the injury to the plaintiff seeking relief, is due to his own carelessness. The record, in our view, puts the plaintiff in the position of undermining or removing all support from the iron, with the certainty that ought to have suggested itself that every spadeful of earth he was removing brought him nearer to the fall of' the iron, and that risk to which he exposed himself from the fall. It is the case of one provoking by heedlessness, the injury of which he complains, and which ordinary prudence on his part could have been averted. We are re *982 luctant to reverse the verdict of the jury, but are confirmed in our conclusion by the fixed conviction of the lower court, which led it to set aside the verdicts of two juries.
It is therefore ordered, adjudged and decreed, that the judgment of the lower court be affirmed with costs.