(96 South. 821)

No. 24478.

## FRIEDMAN v. NEW ORLEANS RY. & LIGHT CO. et al.

(April 2, 1923. Rehearing Denied June 4, 1923.)

*(Syllabus by Editorial Staff.)*

1. **Evidence** ⚖️208(1)—**Allegation in petition held judicial admission that plaintiff saw street car which struck him.**

Allegation in petition in action for injuries that when plaintiff looked down street car track he saw a car approaching about a block away, and then proceeded to cross the tracks, *held* a judicial admission that he saw the approaching car which struck him, inconsistent with his testimony that he saw no car.

2. **Street railroads** ⚖️98(10)—**Pedestrian held bound to look before leaving sidewalk.**

Pedestrian looking for street cars when 30 feet from street corner was bound to look again before leaving the sidewalk, whether he saw or did not see a car when he first looked, where he knew cars were operated continuously in both directions and that three steps from the sidewalk would place him in danger zone.

3. **Street railroads** ⚖️98(8)—**Pedestrian bound to look and listen and exercise ordinary care.**

Pedestrian crossing street traversed by electric cars, and particularly at street crossings, is bound to look and listen and exercise ordinary care and caution to avoid possible danger of collision and guilty of negligence if he fails to take such necessary precautions.

4. **Street railroads** ⚖️98(10)—**One crossing tracks must look when it will be effective.**

One attempting to cross electric railway track must look for cars at time and place when it will be effective, and the duty is not satisfied by substitution therefor of vain and useless acts.

5. **Street railroads** ⚖️98(8)—**Pedestrian held negligent in going in front of car.**

Where pedestrian in broad daylight left sidewalk and went in front of approaching street car when only 30 to 40 feet distant, though gong was sounded and motorman shouted and did all that was possible to avoid accident, he was guilty of gross carelessness.

6. **Street railroads** ⚖️102(2)—**Injury caused by fault of injured person not actionable.**

That street car was operated at too high a rate of speed will not entitle injured party to recover, if this fault of the company would not have caused the injury except for supervening and greater fault of injured party.

7. **Street railroads** ⚖️103(1) — **Last chance doctrine stated.**

When contributory negligence of one struck by street car continues up to happening of the accident and motorman had no chance to avoid the accident after danger became apparent, the doctrine of last clear chance is inapplicable.

Appeal from Civil District Court, Parish of Orleans; Porter Parker, Judge.

Action by Jacob Friedman against the New Orleans Railway & Light Company and another. From a judgment for plaintiff, defendants appeal. Reversed, plaintiff's demand rejected, and suit dismissed.

Dart, Kernan & Dart, of New Orleans, for appellants.

Feitel & Feitel, of New Orleans, for appellee.

LAND, J. This is a suit for damages for personal injuries alleged to have been received by plaintiff as the result of being run into and struck by a car of defendant company on its uptown track on Freret street at the intersection of said street with Valmont street, in the city of New Orleans.

Plaintiff alleges in article 4 of his petition that said accident was caused through no fault or negligence on his part, but was due solely to the recklessness and want of care of the motorman in charge of said car, in running his car at an excessively high rate of speed and not having same under control at a street crossing and at a curve, and in not observing the track ahead of him, when, if he had been doing so, he would have seen petitioner crossing said track in plenty of time to have avoided running into him, and in not sounding his bell to give warning of the near approach of the car.

Defendant companies have filed similar answers to the demands made against them. They charge in said answers that on January 4, 1919, at about 8 a. m., a person who gave

his name as Jacob Friedman, residing at 2435 Valmont street, attempted to cross Freret street at Valmont at a time when a car of the Carondelet line was approaching Valmont street and was then so close to the crossing that it was apparent to any one of ordinary understanding that to attempt to make the crossing was exceedingly hazardous, and they allege that the injuries received by plaintiff were due to his own carelessness, and to his negligent and imprudent conduct.

The first jury impaneled to try this case failed to agree and were discharged. On the second trial, the jury returned a verdict in favor of plaintiff in the sum of $3,500 against defendant companies in solido.

[1] While plaintiff charges in article 4 of his petition that he was without fault and that the injuries received by him were due entirely to the negligence of defendant railway company, yet in article 2 of the petition plaintiff alleges:

"That *when petitioner looked down on the uptown track* of the street car lines running on Freret street, *and saw a car approaching about a block below Valmont street, that petitioner then proceeded to cross the car tracks on Freret street* from the wood side of Freret street to the river side at the lower crossing used by pedestrians." (Italics ours.)

This is a judicial admission that plaintiff saw the approaching car which struck him, before he attempted to cross the uptown track on Freret street to the opposite side, for the purpose of catching a downtown car. There are double tracks in Freret street, the uptown track on which plaintiff was struck being next to the sidewalk from which plaintiff passed into Freret street, and is the first track to be traversed by him in crossing this street. Plaintiff had almost gotten across the uptown track; his foot was over the last rail, when he was struck by the fender of the car. The distance from the sidewalk to the first rail of the uptown track is approximately 8 feet, and the distance from the first rail to the outer rail of this track is approximately 5 feet, a total distance of 13 feet.

At the corner of Freret and Valmont streets is a hedge fence 27 inches high, running back on Valmont street, while a wire fence 3 feet high runs along the sidewalk on Freret street. Plaintiff states that before he arrived at this corner on the morning of the accident he looked over these fences, when about 30 feet from the corner, and could see more than halfway down the block on Freret street, but that he saw no car coming, from that direction, heard no gong signal or other noise, and continued on his way to the corner, and stepped into the street and was struck by the uptown car. This testimony is in direct conflict with his judicial admission contained in his petition that "he saw a car approaching about a block below Valmont street; that petitioner then proceeded to cross the car tracks on Freret street."

[2] Plaintiff either saw this car or he did not see it. He states that he was 30 feet from the corner when he looked over the fences down Freret street to ascertain if the uptown car was approaching. If he saw the car at that time, it was his duty to have looked again, when he reached the sidewalk, and before entering the street. If he did not see the car, when he first looked for it, 30 feet from the corner, it was his duty to have exercised his senses, when he came upon the sidewalk, to ascertain if any car was approaching from the downtown direction, and his failure to do so is negligence. Plaintiff lived in that immediate neighborhood. He was familiar with the situation at this corner. He not only knew that there were double tracks on Freret street and that cars were being operated continuously on said street in both directions, but he was cognizant of the fact, as shown by his testimony, that the first rail of the uptown track upon which he was injured is only a few feet from the sidewalk, and that three steps from this

sidewalk would place him in a danger zone, if he carelessly entered the street. Plaintiff does not pretend to say that he looked down Freret street, after he reached the sidewalk, and just before he entered the street, but takes the position that having looked and listened while 30 feet from the corner, this was a substantial compliance with his legal duty before attempting this crossing. In this view of the law we cannot concur. Had plaintiff looked from the sidewalk down Freret street before attempting the crossing it would have been a physical impossibility for him not to have seen the approaching uptown car, which was only a short distance from that corner, as shown by the evidence in the case, when plaintiff reached the sidewalk.

[3] While it is the duty of those in charge of a street car, at crossings particularly, to be careful and watchful, those who use street crossings must also exercise a reasonable degree of care and watchfulness. McLaughlin v. N. O. & Carrollton Railroad Co., 48 La. Ann. 23, 18 South. 703.

The authorities are numerous and uniform to the effect that a pedestrian or the driver of a vehicle who uses the streets of a city which are traversed by electric cars, and particularly at street crossings, is guilty of negligence, if he fails to employ proper precautions for his safety. He is bound to look and listen for the approach of cars and to exercise ordinary care and caution to avoid possible danger of collision. Failing to take such necessary precautions for his safety, the injured party is guilty of that negligence which deprives him of the right of reimbursement for injury received. Dieck v. N. O. City & Lake R. Co., 51 La. Ann. 262, 25 South. 71; Hoelzel v. Railroad Co., 49 La. Ann. 1302, 22 South. 330, 38 L. R. A. 708; Hemingway v. N. O. City & Lake Railroad Co., 50 La. Ann. 1087, 23 South. 952; Schulte v. Railroad Co., 44 La. Ann. 510, 10 South. 811; Herlisch v. Railroad Co., 44 La. Ann. 280, 10 South. 628; Smith v. Railroad Co., 47 La.

Ann. 833, 17 South. 302; White v. Railroad Co., 42 La. Ann. 990, 8 South. 475; Schexnaydre v. Railroad Co., 46 La. Ann. 248, 14 South. 513, 49 Am. St. Rep. 321.

[4] It is a recognized rule that before attempting to cross the track of an electric car a person should look to ascertain whether prudently the crossing should be attempted. The rule contemplates that this should be done at a time and place when the reason upon which it is founded could be made effective. When the law requires steps of diligence and caution, it will not be satisfied by the substitution therefor of vain and useless acts. Snider v. N. O. & Carrollton Ry. Co., 48 La. Ann. 1, 18 South. 695; Young v. Louisiana Western Railroad Co., ante, p. 129, 95 South. 511.

It is true that one of plaintiff's witnesses states that the uptown Carondelet car was 75 feet from the lower corner of Freret and Valmont streets, when this witness heard the motorman of this car shouting, and ringing his gong, and saw him applying his brakes. The witness' estimate is based on where he believed the car was at the time. However, the conductor and motorman and a passenger aboard of the car estimate that these signals were given, and effort to stop made, when the car was from 30 to 40 feet from this corner. Neither of the two witnesses of plaintiff saw him when he left the sidewalk to cross the street.

[5, 6] From the testimony of the three witnesses of the defendant, it is made clear that plaintiff, who was on the sidewalk, entered the street, in front of an approaching car, which was only from 30 to 40 feet distant. That the gong was sounded, and that the motorman did all that was possible under the circumstances to avoid the accident, is clearly proven, not only by the testimony of the leading witness of plaintiff, but by the statements of the motorman, conductor, and a passenger on the uptown Carondelet car, and also by the motorman of the downtown car,

which was approaching the crossing at the time.

Under this state of facts, plaintiff was guilty of gross carelessness. It was broad daylight. The signals and shouting of the motorman of the approaching car were heard by a number of witnesses. The preponderance of the testimony does not show that this car was operated at an excessive rate of speed in our judgment. The fact, however, that a street railway company has operated a car at too high a rate of speed will not entitle a party who is injured to recover, if it appears that the fault of the company would not have caused the injury save for the supervening and greater fault of the injured party. Heebe v. N. O. R. Co., 110 La. 970, 35 South. 251.

[7] Where the contributory negligence of the injured person continues up to the happening of the accident, and the motorman had no chance to avoid the accident after the danger became apparent, the doctrine of the last clear chance is inapplicable. Wolf v. N. O. Ry. Co., 133 La. 891, 63 South. 392.

The judgment appealed from is therefore annulled, avoided, and reversed, and it is now ordered that plaintiff's demand be rejected and his suit be dismissed at his cost.