No. 9009.
Orleans Appeal.

MARKS CURRY, Appellant, v. ILLINOIS CENTRAL R. R. CO.

(November 17, 1923, Opinion and Decree.)
(May 19, 1924, Rehearing Granted.)
(November 3, 1924, Opinion and Decree [On Rehearing]).

*(Syllabus by the Court.)*

1. **Louisiana Digest, Railroads, Par. 63, 64.** Where the testimony shows that the accident occurred through the carelessness and negligence of the plaintiff himself, he cannot recover even though the defendant might have been guilty of a failure to perform his duty, unless the defendant, by the exercise of reasonable care, could have avoided the accident.

(Civil Code, Art. 2315—Editor's Note.)

Appeal from Civil District Court, Division "C", Hon. E. K. Skinner, Judge.

This is a damage suit growing out of a collision accident. There was judgment for defendant and plaintiff appealed.

Judgment reversed.

On a rehearing the Court of Appeal reversed its former judgment and affirmed the judgment of the District Court.

Judgment affirmed.

Raymond Gauche, attorney for plaintiff and appellant.

Lemle, Moreno & Lemle, attorneys for defendant and appellee.

CLAIBORNE, J. The law of this case is correctly set forth by plaintiff in his brief as follows:

"The cause of the accident, as the court said in the similar case of Taylor vs. Railway, 123 La. 768, 49 South. 518, was the failure to have the flagman stationed there to stop the train. The emergency would not have arisen had there been a flagman as required."

But the facts of this case are different and are against the plaintiff.

Although there was no flagman, *eo nominee*, there was an employee of the defendant who acted as flagman on this occasion.

1st. C. L. Tellotte says he was Engine Foreman for the defendant. He was present at the accident. He saw plaintiff's truck coming over about forty feet from the crossing, and he whistled and yelled at him, but he never stopped; he kept on crossing and the engine bells were ring-

ing; his duties were to attend to the trains; he was at the crossing, watching it, it gives the best view of the crossing; plaintiff did not stop; he was coming 15 or 20 miles an hour; there is no permanent flagman at that station; he gave the signal to the engine to stop.

2nd. C. Kenny, engineer of the train, says he received the signal to stop, the bell was ringing.

3rd. J. V. Maloney, fireman on the locomotive, says he was ringing the bell.

4th. John A. Bock, driver for the American Railway Express, says: "When I saw the truck coming I jumped in the middle of the road and put up my hands and whistled; I knew that the fellow could not beat it across, he was going about 15 or 20 miles an hour and he never stopped or nothing, he came right on the track, and the train was coming and it hit him," etc.; plaintiff must have been 35 or 40 feet from the track upon which the train was coming.

5th. E. J. Plaisant was switchman and engine foreman for defendant; he was riding on the rear end of the baggage car that hit the plaintiff; it was his business to ride there to see that the train did not "shove into anything"; he saw the plaintiff coming and he jumped off and hollered at him, and flagged Weinberger, the head man; the bell was ringing.

6th. William Taylor, a train porter on the defendant's cars, was standing on the uptown river side of Franklin and Calliope; he saw the truck coming; it did not stop; he ran out in the street and hollered; the man at the end of the car, Pleasant, hollered and threw up his hands; the bell was ringing; there were three or four hollering and Mr. Tellotte also.

7th. Oscar Celestine is a musician and is not connected with the defendant; he was standing at the corner of Franklin and Calliope with Taylor; he saw the accident and heard the flagman halloa; the bell was ringing.

The plaintiff testified that when he approached the track his wheels were barely turning; that he did not see the train coming upon him until it was too late either to go forward or to back; that he did not hear any bell; that he did not see anyone around there; the switchman hollered when he was right up upon him; he sees well and hears well.

The only witness for plaintiff who saw the accident was George Simmons. He does not contradict the defendant's witnesses.

The trial judge gave the following reasons for judgment:

"The preponderance of evidence is that the plaintiff did not stop, look and listen before attempting to cross the switchtrack on which a train was backing and this despite the signalling by the crew and yelling by independent persons not in the employ of the railroad. He contributed to the accident to an important extent and is therefore not entitled to damages. Suit dismissed." Deikman vs. Morgan's L. & T. R. & S. S. Co., 40 La. Ann. 787, 5 So. 76.

There is no doubt that if the seven witnesses who testified for the defendant speak the truth, then testimony establishes the fact that plaintiff brought the accident upon himself by his gross want of care and absolute negligence.

These witnesses were not impeached. The District Judge, who saw and heard them, believed them, and under the law and the jurisprudence, we must believe them also. The fact that the defendant itself may have been negligent does not invest the plaintiff with the right of action. McKernan vs. New Orleans Ry. & Light Co., 144 La. 999, 81 South. 601; Young vs. Louisiana Western R. Co., 153 La. 129, 95

South. 511; Jefferson Planting Co. vs. R. R., No. 7520 Ct. of App., 99 South. 203; Vernon vs. Illinois Cent. R. Co., 154 La. 370, 97 South. 493; Gannon vs. New Orleans Ry. & Light Co., 154 La. 436, 97 South. 601; Tucker vs. Illinois Cent. R. Co., 141 La. 1096, 76 South. 212; 95 U. S. 697 (702); Friedman vs. New Orleans Ry. & Light Co., et al., 153 La. 951, 96 South. 821; McCarthy vs. Whitney Iron Works Co., 48 La. Ann. 978, 20 South. 171.

The case of Tank vs. R. R., No. 9323, decided by this court was different as to the facts. The accident occurred at night and there was no evidence that the plaintiff was warned in time to stop.

Our previous decree must therefore be reversed and set aside and it is now ordered that the judgment appealed from be affirmed at the cost of plaintiff and appellant in both courts.