PURSER v. HYAMS COAL CO.

---

(Opinion and Decree.)

---

(*Syllabus by the Court*)

1. **Louisiana Digest—Pleading—Par. 125.**

Evidence unobjected to enlarges the pleadings to that extent.

2. **Louisiana Digest—Appeal—Par. 625.**

Where the reasons for judgment of the lower court state both the facts and the law clearly and concisely, they will be adopted by this court and the judgment will be affirmed.

Appeal from Civil District Court, Div. "A." Hon. Hugh C. Cage, Judge.

Action by Brittain B. Purser against R. P. Hyams Coal Company.

There was judgment for defendant and plaintiff appealed.

Judgment affirmed.

H. W. Robinson, of New Orleans, attorney for plaintiff, appellant.

G. B. Harrison, Jr.; E. D. Saunders, of New Orleans, attorneys for defendant, appellee.

JONES, J. Plaintiff sues individually for one hundred twenty ($120.00) dollars and as tutor of his minor daughter, Mary Purser, for two thousand ($2,000.00) dollars, for personal injuries to her on February 16, 1925, on Rampart Street in front of Union Station in this city, by a truck of defendant company.

Defendant is charged with negligence on two grounds, viz:

1. That truck was being driven at an excessive speed.

2. That when the truck was opposite Miss Purser, the driver turned the front wheels and caused the rear end to skid into Miss Purser, and throw her back against the street car and then on the pavement, thereby inflicting many bruises, a dislocation of the hip, etc.

Defendant first filed exceptions of vagueness on ground that petition did not show the following essentials:

1. Exact place on Rampart Street where the accident happened.

2. The speed at which truck was going.

3. How the skidding of the truck was due to negligence of chauffeur.

Plaintiff then filed an amended petition stating that the accident happened on South Rampart between Howard Avenue and Calliope on the river side on downtown street car track betwen twenty-five and thirty-five feet from Howard Avenue.

Defendant then filed an answer admitting the accident, but denying the negligence, specially averring as follows:

1. That an automobile had suddenly come out of Union Station from behind a street car going uptown, immediately in front of this truck, which was going downtown on the right hand side of Rampart Street at a reasonable, legal rate of speed.

2. That the driver immediately put on his brakes and as his truck was going very slowly, stopped in time to prevent striking the automobile.

3. That when the brakes were applied the rear end of the truck skidded slightly to the left and struck Miss Purser, who was standing in the middle of the street, between the car tracks.

4. That Miss Purser at the time was crossing South Rampart Street in violation of the traffic ordinance No. 7490 C. C. S. and the accident was caused by the carelessness of the young lady and particularly because of the violation of the traffic ordinance, as defendant's driver was without fault.

It is thus seen that the answer, which was sworn to by the attorney on information and belief, admitted the skidding of the truck, but on the trial of the case the driver testified, without objection, that the truck did not skid, but was struck by the tail of his truck. His testimony on direct examination is as follows:

"Q. You are the driver of a truck for the R. P. Hyams Coal Company, Limited?

"A. Yes, sir.

"Q. You were the driver of that truck on February 16, 1925, when it struck and hurt Miss Mary Purser?

"A. Yes, sir.

"Q. Please tell the court exactly how the accident happened?

"A. Miss Mary and another lady came out of the depot about the middle of the block. I was headed downtown and both of them stopped and the other lady went across and Miss Mary stood still and at that time the car behind her was ringing its bell and as the car go in front of my truck she started to cross and ran into the tail part of my truck and I stopped and by the time I got down Miss Mary had got up and picked up her pocketbook and a policeman came up and took my license number and my name.

"Q. How fast were you going?

"A. Very slow, about five miles an hour, because during train hours there are lots of people around there.

"Q. There is no doubt about it that you were not going faster than five miles an hour?

"A. No, sir; no faster than that.

"Q. How far did you go after this accident happened?

"A. I stopped in less than five feet, because when she got in between the car and the truck I would have stopped then, but I knew if I stopped the truck would slide and knock her against the street car and when the back part of the truck hit the lady I stopped right away. The truck never did slide before she was down or got up.

"Q. Is the back part of your truck wider than the front of it?

"A. Yes, sir, the back part has a wide wing on it.

"Q. Were you driving in the car tracks?

"A. Yes, sir, but the inside wheels on that side was not in the track next to the car track as it did not fit into the track account of being wider and the wheels that were not in the track were those next to the car track that the car was on.

"Q. Then your left wheels were not in the track?

"A. No, it was outside the track and the right wheel was inside the track.

"Q. In other words, your truck is wider than the street car track?

"A. Yes, sir.

"Q. How far was this from the intersection of Howard Avenue and Rampart Street?

"A. Twenty-five or thirty feet after I stopped. I had stopped before I got to the intersection. She came out the depot right where the stone platform is and crossed over.

"Q. She crossed over the street right opposite that same platform?

"A. Yes, sir."

On cross examination as to variance between his testimony and the answer of the company, he stated that he made a written report of the accident to defendant and some time later had made a statement to the attorney, but that he had never stated to anyone that the truck had skidded or that any automobile had passed behind the car. Counsel for defendant then stated that the answer had been prepared from statement furnished by employees of the company, who were said to have gotten them from the driver.

The Judge of the lower court gave judgment for defendant and plaintiff has appealed.

His reasons for judgment are as follows:

The evidence shows that Miss Purser, a young lady, I understand nineteen years old, arrived in New Orleans on an Illinois Central train at nine o'clock in the morning on February 16, 1925.

She was met at the depot by a cousin, a lady apparently between forty and forty-five years of age. The two came through the Union Station and came out on the South Rampart Street side, about forty feet from the corner. The elder cousin walked ahead and the young lady, whose name is Miss Mary Purser, evidently got slightly behind her by stopping to give her bag to the negro red cap.

The cousin stated that she saw a street car approaching going uptown and she saw a large truck of the defendant coming downtown. She said she did not gauge the distance of the two vehicles, but stated that she thought she had time to cross the street in safety and proceeded to do so. She has no recollection of the truck being close enough to her to endanger her and that she had gotten entirely across the street on the banquette opposite, when she turned and saw Miss Purser on the ground.

Miss Purser testified that she crossed in front of the street car, which must have been extremely close to her, for as she crossed the first track nearest to the station, the truck was so close to her that had she proceeded she would have been run down by the front of the truck and she states that she stepped back one step towards the street car, which had come up behind her, when she suddenly saw that the back portion of the truck was going to strike her and she threw her arm or her hand in front of her eyes, just as she saw she was going to be struck and the blow came.

The petition alleges that the front of the truck had successfully passed her and she would not have been struck, except that the driver of the truck turned his truck to the right and the result thereof was to cause the rear to skid to the left, thereby occasioning the contact between the truck and Miss Purser.

There is no evidence whatsoever of the truck having skidded. The driver swears that he saw Miss Purser between him and the car and after he passed her on the left, or the driver's side and after she was struck, he applied his brakes, but positively denies any attempt to swerve his truck to the right.

My conception of the cause of the accident is that there was, as shown by the evidence, a projection at the extreme rear of the truck, about six inches outstanding from the body of the truck, and my opinion is, that Miss Purser, after the front of the truck body had passed her, thought that she was in safety.

She is undecided how close she was to the truck, but she made the statement that she could have easily reached out her hand and have touched the truck. My opinion is, that this projection came close to her, too close to escape by jumping back and she instinctively put her hand in front of her eyes and it was this projection that struck her.

The question then is, what fault was attributable to the truck driver. The impression made on me by the evidence is he was going very slowly. He says, not exceeding five miles an hour. He was driving where he had a right to drive. What then occasioned the accident? .

It is true that the evidence shows that it is the custom of passengers arriving at the Union Station to cross the street directly opposite the station, at anywhere from forty to sixty or seventy-five feet above the intersection of South Rampart and Howard Avenue, but the traffic ordinance offered in evidence shows that pedestrians are forbidden to cross the streets,. except at the intersections and then only in a direct line.

It is perfectly plain, had Miss Purser gone to the intersection, as the law requires her to do, and undertake to cross there, the accident would not have happened. The fact that pedestrians are in in the habit of violating the traffic ordinance does not render the violation any less a violation, or, does it condone the violation.

We have, therefore, presented a direct violation conduced and contributed to the accident and without which there would have been no accident.

I am, therefore, of the opinion that the defense of contributory negligence pleaded by the defendant is well founded and there will be judgment dismissing the plaintiff's suit at his cost.

Plaintiff's able attorney in his argument and brief cites us to many decisions on the authority of judicial admissions, which we have examined carefully.

However, the principle that evidence, unobjected to, takes the place of pleading is deeply imbedded in our law, and we do not find that either the cases cited or the facts shown in this case justify us in departing from this well-established doctrine, although we are impressed with the straightforward and frank way in which Miss Purser testified.

There is absolutely no proof that the truck was going at an illegal speed. The driver swears that he was going only five miles per hour and the only pretense at contradiction of his statement is that of the aunt, who says he was going "pretty fast," a statement too vague for any probative value.

As to the truck skidding, there is no preponderance of evidence.

Miss Purser says on direct examination that the truck went on by her and then swerved to one side. On cross examination, when asked if the truck swerved from one end to the other, or if it skidded, she answered, "I thought it did both. It might have skidded that much."

The driver swears positively that the truck did not skid, that he stopped within

five feet and jumped down to help the young lady.

After a careful study of the entire record we have concluded that the trial judge has stated both the facts and the law clearly and concisely in his reasons for judgment and we hereby adopt these reasons as our own. On this point—

See Friedman vs. N. O. Ry. & Light Co., 153 La. 951, 96 South. 821.

Young vs. La. Western Railroad Co., 153 La. 129, 95 South. 511.

Tucker vs. I. C. R. R. Co., 141 La. 1096, 76 South. 212.

Herrin vs. Cicardo, 1 La. App. 587.

Gibbons vs. N. O. Terminal Co., 1 La. App. 371.

Morin vs. I. C. R. R. Co., 1 La. App. 727.

For above reasons, the judgment is affirmed.