REGAN, Judge.
Plaintiff, Emmco Insurance Company, the collision insurer of Hanna Dardar’s 1956 Chevrolet station wagon, instituted this suit against the defendant, the liability insurer of a truck owned by National Lead Company, operated by Louis Ardoin, endeavoring to recover the sum of $1,500 representing damages incurred by the Dardar vehicle when it collided with the truck driven by Ardoin on April 17, 1957, at approximately *2 10 p. m. on Highway 31 between Buras and Venice, or near Boothville, Louisiana.
Defendant answered and admitted the occurrence of the accident, and the existence of the policy of insurance covering the truck but asserted that the accident was not caused by any negligence on the part of the operator thereof, and in the alternative pleaded the contributory negligence of plaintiff’s insured.
From a judgment in favor of defendant, and against the plaintiff, dismissing its suit, it has prosecuted this appeal.
Defendant also appealed from the judgment insofar as negligence was found by the trial court to exist on the part of the operator of the truck.
Although the litigants herein, that is, the plaintiff and the defendant, are respectively the subrogated insurers of Hanna Dardar, the operator of the station wagon, and of Louis Ardoin, the driver of the National Lead Company’s truck, we shall for the purpose of brevity hereafter refer to the plaintiff and the defendant as though they were the actual participants in the accident.
The record reveals that the collision occurred on Highway 31 between Buras and Venice, Louisiana, at about 10 o’clock at night. The concrete highway servicing this area is approximately 18 feet in width divided by a line of demarcation for south and northbound traffic.
Plaintiff in substance testified that he was driving south or towards Venice at a speed of approximately 55 miles per hour and that when he was approximately 250 feet removed from the defendant’s truck, which was being driven northward, he observed it on his side of the highway and at that time he believed that the operator of the truck intended to park on the shoulder of the southbound roadway. At that point he slowed down to 54 miles per hour until he was approximately 35 feet removed from defendant’s truck when he noticed that it had begun to move diagonally across the southbound lane apparently in an attempt to move back into the northbound lane; he then reduced his speed to 50 miles per hour and drove the left front wheel of his vehicle across the dividing line and slightly into the northbound lane of the highway, and at this moment the collision occurred between the right fronts of the respective vehicles.
Norwood Bailey, who was driving in the" northbound traffic lane about 600 to 800 feet behind the defendant, and Dominic Scan-durro, who was also driving in the southbound traffic lane about 500 to 700 feet behind the plaintiff, both appeared as witnesses on behalf of plaintiff and in substance corroborated his testimony relative to the defendant’s maneuvering of the truck in the highway as above described by the plaintiff.
Scandurro more pertinently related that when his vehicle was about three city blocks removed from the situs of the collision, the plaintiff passed him, moving at a speed of between 65 and 70 miles per hour and that the speed limit in that particular area was 45 miles per hour.
On the other hand, in contradicting the foregoing testimony, defendant related that he was driving at a speed of approximately 15 miles per hour in the northbound lane when he noticed the station wagon operated by the plaintiff moving into his side of the roadway; that he could not drive onto the shoulder of the road because of the existence of a ditch or a canal; and that plaintiff’s vehicle continued to move into his traffic lane or the northbound roadway until the collision occurred.
The foregoing elucidation reveals that only questions of fact were posed for the trial court’s consideration. The judge thereof concluded that both plaintiff and defendant were negligent and accordingly dismissed plaintiff’s suit.
The question which this appeal has posed for our consideration is whether that finding *3 of the trial judge is so erroneous and unsupported by the evidence as to warrant a reversal by us.
We have observed heretofore that when a suit is predicated on an allegation of negligence and the defense thereto is a denial of negligence coupled with an alternative plea of contributory negligence, it is often expedient to initially consider the plea of contributory negligence for if the facts disclose the existence of contributory negligence without which the accident would not have occurred, it is then unnecessary to determine whether there was primary negligence in the defendant.
The record leaves no doubt in our minds that when plaintiff was approximately 250 feet removed from defendant’s truck and moving at a speed of at least 55 miles per hour, he observed the defendant engaging in the unusual maneuvers referred to here-inabove, and it was his duty at that time in view of the prevailing conditions to reduce the speed to a point where he could have exercised adequate control of his vehicle and probably avoided the accident which actually occurred in the center of the highway.
On the contrary he testified that when he had reached a point approximately 35 feet removed from the defendant and was then endeavoring to drive around the truck, he had only decelerated to a speed of 50 miles per hour before applying the brakes of the vehicle, which of course violated that degree or standard of care required of him under the circumstances so as to constitute negligent conduct on the part of the plaintiff.
The trial judge, as we stated hereinabove, found that the plaintiff was negligent, and our analysis of the record convinces us that the evidence preponderates to this effect, and the judgment dismissing his suit is therefore correct.
For the reasons assigned, the judgment appealed from is affirmed.
Affirmed.