HARDY, Judge.
This is a suit by plaintiff for recovery of damages for personal injuries sustained in an automobile accident. Plaintiff was a guest passenger in an ambulance owned by a partnership, Progressive Funeral Home, composed of Dora B. Davis, Rufus Stewart and Lily Mae Stewart. The vehicle was insured by the Insurance Company of the State of Pennsylvania. The partnership, its individual members and its insurer, were named as parties defendant in this action, and plaintiff appeals from judgment in favor of defendants rejecting his demands.
The accident occurred on U. S. Highway 71 about two miles south of Cheneyville in Rapides Parish in the late afternoon of November 12, 1957, at which time a mist *590 ing rain was falling, but visibility was unimpaired. The ambulance, driven by Jesse W. Moorehead, an employee of the owners, was moving south on the highway and was involved in a head-on collision with a 1952 model Chevrolet automobile owned and driven by John Barfield, which was proceeding south on the highway. The collision occurred entirely in the west lane of the highway, at which time both vehicles were either entirely within the said lane on the hard-surfaced slab, or partially on the slab and the gravel shoulder immediately to the west thereof. The points of impact between the two vehicles were established as being the right front portions thereof.
There is not the slightest question as to the gross negligence of Barfield, who was entirely in the wrong lane of the highway, attempting to pass vehicles proceeding in the same direction, and who met the approaching ambulance head-on. It is established that Barfield, following a pink Oldsmobile, otherwise unidentified, pulled into the left or west lane of the highway; both cars passed an automobile driven by one Byron D. Perrin; the Oldsmobile then turned back into its proper lane of travel behind another vehicle, described by Bar-field as being a truck, but Barfield elected to attempt to pass both the Oldsmobile and the preceding truck. According to Bar-field’s testimony, he had completed the passing movement of the Oldsmobile ■ and was drawing abreast of the truck when he realized that he could not complete the maneuver in time to clear the west lane of the highway for the approaching ambulance, whereupon he turned his car diagonally to his left in the attempt to reach the extreme west shoulder adjacent to the highway. In this attempt Barfield was unsuccessful, and, as a result of the collision with the ambulance, the plaintiff sustained serious injuries.
Plaintiff’s claims against these defendants are predicated upon the allegations that Moorehead, the operator of defendant’s ambulance, was negligent in operating the said vehicle at an excessive and unlawful rate of speed; failing to keep a proper lookout, and to have his vehicle under control. These charges of negligence present issues of fact which were exhaustively considered and discussed by the learned judge of the district court in a well reasoned written opinion. The district judge concluded that the evidence failed to establish these charges with any degree of acceptable certainty.
On the question of speed, the only definite testimony is that of the plaintiff himself, who relates the somewhat remarkable coincidence that he was looking at the speedometer of the ambulance at the time of the collision and observed the instrument to register a speed of sixty-eight miles per hour. We think it unnecessary to comment upon the credibility of this testimony, in view of the fact that we find, as did the district judge, that the physical circumstances, in themselves, completely disprove this contention. Counsel for defendants strenuously urged that the trial judge was in error in his conclusion that the ambulance did not move forward after the impact but, on the contrary, must have been forced backward. Counsel contend that the ambulance moved forward for a distance of approximately twenty feet more or less. We are not impressed with the importance and weight which would be attached to the acceptance of counsel’s argument on this point. To us -it appears inconceivable that defendant’s ambulance, traveling at a speed of seventy miles per hour, striking a lighter vehicle, would have moved only a distance of twenty feet. It suffices to say that our conclusion is in accord with that of the district judge, and such a finding impels the rejection of the argument that the factor of speed constituted an element of negligence on the part of the driver of defendant’s ambulance. This conclusion also results in the rejection of the insistent argument that Moorehead failed to slow down or to make any attempt to avoid the collision.
*591 As to the asserted failure of Moorehead to keep a proper lookout, we need only state that this contention is completely unsubstantiated. To the contrary, the evidence satisfactorily establishes the fact that Moorehead saw the approach of the Bar-field automobile and took such precautions as were reasonable at the time he realized the driver of the Barfield car would not return to his proper lane of travel.
The factual conclusions and the reasons supporting same were so clearly and succinctly stated in the opinion of the district judge, after discussing the general principles established by our jurisprudence and appropriate to the issues under consideration, that we quote the same in part as follows:
“In attempting to rationalize the present case and apply to it the principles enunciated in the authorities just discussed, we are immediately faced with difficulties arising from the failure of the evidence to establish with definiteness at least two factual aspects of importance in arriving at a satisfactory conclusion on the issues presented. One of these is a question of distances — the distance between the ambulance and the Barfield car when it became, or should have become apparent, that the latter was in a position of peril, and the distance between these vehicles when Moorehead attempted, if he did, to avert the collision.
“It is concluded that Moorehead is not guilty of failing to do ‘anything’ as plaintiff charges and as indicated in the testimony of several of the witnesses. This conclusion is forced by the physical evidence. Moorehead contends that he was either stopped or practically so at the moment of impact. The investigating officer put on his report that the ambulance was traveling at about 30 miles per hour at the time of impact, and he says he got the information from Moore-head. On the other hand, Mr. Campbell testified that he observed broken glass and parts from the vehicles lying in front of, around and beneath the ambulance. This fact alone is convincing that the ambulance did not go forward after the impact. On the contrary, it must have been forced backward, judging from its position after coming to rest and the observation of Mr. Holland that its rear ‘flew around’ on the highway. To obtain these results the Barfield car must have had the greater momentum at the time of collision, a fact consistent with. Moore-head’s contention that he was either stopped or practical3y so.
“Further, it is the contention of Moorehead that he drove his vehicle to the right shoulder as far as he could, having his two right wheels thereon at the moment of impact. This is disputed by both Perrin and Holland. However, while it is conceded that both of these witnesses testified in good faith, it is doubted, from the positions they occupied, if they could accurately make the observations they assert they did, and this writer is unable to conclude, after a fair appraisal of the evidence, that the ambulance remained entirely on the pavement up to the point of collision.
“In any event, it is clearly established that Barfield turned across the roadway and went upon the shoulder to his left, and, in effect, blocked the path of the ambulance. The collision was between the right front ends of the vehicles, and the investigating officer found the tracks of the Barfield car on the shoulder from the point of collision on out into the ditch where it came to rest. With these facts, it would be only an assumption to say that Moorehead could have avoided the collision by either staying on the pavement or going entirely, upon the shoulder.
*592 “Reverting to the point about distances, again the evidence is unsatisfactory, and is limited to the observations of Mr. Perrin. Study his testimony as we will, we are unable to determine how far the ambulance was from the Barfield car when the latter attempted to pass the Oldsmobile, and have only his opinion that it was at this time that the emergency was created. Nor can we fix with any degree of definiteness the distance the Barfield car traveled in its left lane, as we know only that it cut out from behind Mr. Perrin and remained in the left lane until it was alongside the Oldsmobile which itself was less than an estimated distance of 200 feet ahead of Perrin’s automobile.
“Under the law, the oncoming motorist, Moorehead, was allowed time in which to determine that the passing driver, Barfield, would not return to his right lane, as he had the right to assume he would, and to appraise the situation confronting him after a perilous situation developed and to react to it. With the intangibles arising out of the evidence, this Court is unable to say that Moorehead had the opportunity to do more than he did, or that he failed to act reasonably in preventing the impending accident. Accordingly, plaintiff can not recover.”
Counsel for plaintiff in brief urges the application of the case of Emmco Insurance Company v. Employers Liability Assurance Corporation, Ltd. of London, England, La. App., 113 So.2d 1, contending that the facts and issues are very similar to the case at bar. Our careful examination of the cited cases does not accord with counsel’s evaluation. The factual findings of the court resulted in the conclusion that the vehicles were approximately 2S0 feet removed at the time when plaintiff’s car was moving at a speed of at least fifty-five miles per hour, and he observed the “unusual maneuvers” of the defendant’s truck. It was additionally noted that the accident actually occurred in the center of the highway, and that plaintiff was still driving at a speed of approximately fifty miles per hour when he was only thirty-five feet from defendant’s truck. These factual circumstances are more than sufficient to distinguish the cited authority from the instant case, and it should be particularly emphasized, as observed in the above quoted extract from the opinion of the district judge, that there is no satisfactory and definite evidence as to distances in the record under examination.
We have carefully examined numerous authorities involving “wrong-side-of-the-road” collisions, among them being Williams v. Brown, La.App., 181 So. 679; Williams v. Geo. A. Hormel & Co., La.App., 195 So. 634; Manley v. Hammons, La.App., 20 So.2d 817; Brown v. Homer-Doyline Bus Lines, La.App., 23 So.2d 348; Ramsey v. McDaniel, La.App., 84 So.2d 276; Litton v. Samuel, La.App., 98 So.2d 534; Peeples v. Dobson, La.App., 99 So.2d 161.
We think certain legal principles have been conclusively established by the above and related authorities, namely, that a motorist has the right to assume that the driver of a vehicle approaching from an opposite direction will obey the law of the road; that a danger is not obvious until it is apparent and recognized, and that each case must be determined on the basis of the particular facts with relation to the above principles.
It is our conclusion that the judgment appealed from evidences no error, manifest or otherwise, either as to the factual conclusions or the application of law.
We are required to note an issue which has been raised by counsel for plaintiff in brief and argument before this court, name *593 ly, that the defendant is bound by the aver-ments of his pleadings which constitute judicial admissions, and proof can not be allowed to expand, vary or amend such pleading, citing Friedman v. New Orleans Ry. & Light Co., 153 La. 951, 96 So. 821.
Counsel’s argument derives from the affirmative allegation in defendant’s answer to the effect that Moorehead, the driver of defendant’s ambulance
“ * * * upon observing that the oncoming car would not be able to get back into his own lane of traffic and that a head-on collision was imminent, pulled over into the west shoulder of the highway as far as he could and was almost at a standstill when the Chevrolet automobile crashed into the front end of the ambulance * *
The fallacy of the argument advanced is obvious and the same point has already been above considered and developed, namely, that the evidence does not suffice to establish the distance separating the vehicles at the time Moorehead actually made the observation and became aware of the fact “ * * * that the oncoming car would not be able to get back * * * ” into its own lane of traffic. Additionally, we observe that we find nothing inconsistent in the allegations above recited, which were supported by Moorehead’s sworn testimony, and the conclusion of the development of an emergency. In the Friedman case the court held that plaintiff’s judicial admission that he saw the approaching car which struck him was inconsistent and directly in conflict with his testimony. It follows that, in our opinion, the validity of the argument on this point must fail.
For the reasons assigned the judgment appealed from is affirmed at appellant’s cost.