No. 13,433.

HENRY P. HAKE vs. S. R. LEE AND W. C. BEAL.

SYLLABUS.

| 104 | 123 |
| s104 | 149 |
| 104 | 123 |
| 109 | 193 |

Where an appellant obtains an extension from this court in which to bring up his appeal and yet neither files the transcript within the extended period, nor obtains, on proper showing made, a further extension of time, the appeal will be dismissed.

APPEAL from the Fourth Judicial District, Parish of Grant— *Machen, J.*

---

*R. J. Bowman* for Plaintiff, Appellant.

---

*William C. Roberts* for Defendants, Appellees.

---

ON MOTION TO DISMISS APPEAL.

The opinion of the court was delivered by

BLANCHARD, J. Plaintiff is appellant from a ruling and judgment of

the court *a qua* permitting defendants to dissolve on bond the injunction which had been issued restraining them from cutting the timber on certain lands.

For a statement of facts of the case, see State *ex rel.* Hake vs. Judge, 52 La. Ann. 104. This appeal was both suspensive and devolutive and was taken in March, 1899. It was returnable on the second Monday in November, 1899, which was the next return day fixed by law for appeals from the parish of Grant.

The second Monday of November, 1899, was the 13th day of that month. This court had, after vacation, convened for its present term on the first Monday in November, which was the 6th day of the month, and after holding sessions through that week had, on Saturday, November 11th, adjourned until Monday, November 20th.

So that court was not in session on the return day of this appeal, nor for a week thereafter. This had the effect of extending the time for the filing of the transcript until November 20th, the day when court was next in session, and, counting the 20th, appellant had three judicial days within which to file the appeal. In other words, he had the days of grace November 20th, 21st and 22nd in which to file it. Sec. 4, Act No. 45 of 1870 (Extra Session).

Court was in session on each of these days.

The transcript was not filed on either of the days, nor prior thereto.

Late in the afternoon of November 22nd, after the court had adjourned for the day, the appellant presented a petition, duly verified by oath, for an extension in which to file it. The next day, November 23, the court, in session, acted formally on the application and extended the time for the filing of the appeal until January 8th, 1900. See Chretien vs. Poincy, 33 La. Ann. 131; Packet Co. vs. Brown, 36 La. Ann. 138.

The transcript was not filed within the extended period, nor indeed until February 3rd, 1900; nor was any further application for an extension filed or granted, so far as this appeal is concerned.

Orders of appeal had, subsequent to the present one, been taken by plaintiff from the ruling of the trial judge dissolving, with damages, a second injunction that had been sued out, and from his judgment discharging in the present case, a rule for contempt that had been filed. But they were three separate appeals, taken at different times.

The application for extension of time heretofore mentioned as having been filed on November 22, 1899, and granted, referred to and cov-

ςred all three of the appeals in the case, to-wit:—the one presently considered, the one from the ruling dissolving the second injunction, and the one from the judgment discharging the rule for contempt. But the later applications for further extension covered only the last two appeals and *did not include the one now before the court.*

The additional extensions granted by the court as to the appeals from the ruling dissolving the second injunction and the judgment discharging the rule for contempt saved those appeals, and it was recently so held in Hake vs. Lee and Beal, No. 13,354 on the docket of this court.

To have saved the present appeal the transcript should have been filed within the time of the first extension, or else it should have been included in the further extensions applied for and granted.

The ground for dismissal is that plaintiff neglected to prosecute the appeal, and had abandoned it, by failing to seasonably file the transcript.

The ground is good; we have no alternative, and must sustain it; no discretion to do otherwise is vested in the court.

For the reasons assigned, it is ordered that the appeal from the judgment permitting the defendants, Lee and Beal, to dissolve on bond the first injunction sued out by plaintiff be dismissed at the cost of the appellant.

Rehearing refused.