BREAUX, C. J.
The state’s motion to dismiss the appeal is before us for decision.
The grounds of the motion are that the-transcript of appeal was filed in this court after the day fixed by law, and that this omission is in effect an abandonment of the appeal.
The jury in the case found a verdict against the defendant of guilty of forgery as charged.
A new trial was applied for by defendant and refused.
The sentence condemned the defendant to-serve a term of 12 months in the penitentiary.
Returning to the prosecution’s motion to dismiss:
■ The facts are: On December 11, 1907, an order of apxieal was axiplied for and granted,, returnable according to law.
On March 25, 1908, defendant, through his counsel, made application for an extension of time within which to file the transcript. He-urged that xirevious to that time he had every reason to believe that the transcrixit of appeal had been duly prepared and forwarded to the clerk of this court and filed; that up *532 on inquiry he became aware that it had not beeu filed, and that it had never been forwarded by the clerk of the district court to the ■clerk of this court
Over 10 days had elapsed from the date of the order of appeal to the date that the transcript was filed.
This court has expressed unwillingness to ■dismiss an appeal in a criminal case where the failure to file the transcript is entirely ■owing to the negligence of the clerk, and the defendant is in no way responsible for the ■delay. An appeal will be hesitatingly dismissed in a criminal case. It will not be dismissed at all, if it appears that it was not filed in time because of negligence for which an accused is not responsible.
Appeals in criminal cases are governed exclusively by Act No. 30, p. 56, of 1878. That law contemplates that in criminal cases the clerk shall forward the transcript to this court. The statute is special in this case, and it is not the same as the rule laid down in the ■Code of Practice to govern in civil cases.
We must decline to dismiss the appeal.
The following decision is in point: State v. Bevell et al., 47 La. Ann. 49, 16 South. 568.
The motion is overruled.
On the Merits.
Failure to continue the case is the complaint on the part of the defense.
Some time in November of the year 1907 the case was regularly fixed to be tried on the 4th of the following December.
On the day fixed, which was a Wednesday, counsel for defendant applied to the court for a continuance in order to enable him to attend to some business before this court. He asked for a postponement to the Friday following.
When the case was called on Friday, counsel for defendant was absent. The case was postponed to the afternoon of that day. Still owing to counsel’s absence it went over to the next day, Saturday.
On the last day of the week, as counsel for the defense was still absent and nothing had been heard from him, the case was called and tried.
The court appointed two attorneys to represent the defendant, and after they had consulted with him the case was called for trial.
It was tried, and the result was as before stated.
Counsel appointed by the court moved for a continuance at the time the case was called for trial, alleging that the counsel regularly retained by the defendant was in New Orleans arguing a ease before this court.
The motion was denied by the court on the ground, among others, that public interest demanded that the case be tried, and as defendant’s counsel did not appear on the last day of the week, after repeated postponements, the trial judge deemed that there was no good reason to let the case go over, as the trial would be delayed for some five months at least. There would be no term for the trial of jury cases until about five months would have elapsed.
At the special session at which defendant was tried, a special jury had been called for one week to try the cases of prisoners who were unable to furnish bond and were in jail.
Moreover, the trial judge informs us that there was a witness for the state present who was from Colorado, and that if the case had not been tried the state would have had to abandon the prosecution, as there was no probability that this witness would return.
The district attorney and counsel for defendant have testified, relating the facts, and the trial judge has furnished a statement, forming part of the bill of exceptions, regarding these facts.
The district attorney and the trial judge agree. It follows that the preponderance of the testimony is with the prosecution. But, even if the district attorney had not testified to the statement of the trial judge, we would *534 have to give due weight, under the rule laid down in repeated decisions. It would have full weight as against testimony of counsel. 'This is the rule, and it must be followed.
The trial judge also informs us that the defendant had no witnesses summoned, and his ■trial depended exclusively on the testimony ■adduced by the state.
That there was not anything complicated in the case at all; that all the issues were of fact, and that defendant had a fair trial; that he was well represented, and that, if there can be any criticism, it is in counsel not getting a postponement of an argument in a civil case, rather than have the accused lying in jail, from one term of the court to another, when a jury had been called especially to try special cases.
We will state here that the counsel who defended the accused did not, in their- motion grounded on the absence of defendant’s regularly retained counsel, ask for further time on the ground that they had no time to prepare to defend the prisoner. Their sole ground was that the regularly retained attorney was absent.
Learned counsel for defendant does not deny the main features of the statement of the trial judge. The only point made is that the ease should not have been tried in his absence.
This, under the circumstances, and in view of the statement of the trial judge, we do not think was ground sufficient to continue the case to another term without the least timely request on the part of counsel to have it so continued.
We have seen that there had been several postponements. It was not improper to dispose of the case.
Continuance is largely within the discretion of the trial judge. Appellate courts do not interfere with that discretion, unless it is manifest that something has been done or refused which is prejudicial to the defendant.
We are not informed in this ease of anything prejudicial, nor is it made to appear in any manner whatever in what respect the result would have been different, had learned counsel been present.
We are constrained to decline interfering with the verdict and sentence on such grounds.
Absence alone is not enough to justify interfering with the verdict and sentence.
For reasons stated, it is ordered, adjudged, and decreed that the verdict, sentence, and judgment are affirmed.