LAND, J.
Plaintiffs and appellees have, fuled the clerk of this court to show cause why he should not issue a certificate that the record has not been brought up by Gus-tave Seeger, one of the appellants.
The response is that the record has been brought up, and that appellees’ remedy, if any, is by motion to dismiss.
Both defendants appealed from the judgment in favor of the plaintiffs. Claudel also appealed from the judgment .overruling his call in warranty against Seeger, his code-fendant. Claudel filed one transcript covering both of his appeals. The appeal on the call in warranty does'not concern the plaintiffs. Claudel and Seeger are appellants from the same decree, and it was not necessary for Seeger to file a separate transcript. Succession of Tuzanne, 36 La. Ann. 420.
Plaintiff’s remedy, if any, was by motion to dismiss; it Being obvious that the clerk of this court cannot certify that the record has not been brought up, when the transcript is on file and the case is on the docket of this court.
It is therefore ordered that the rule sued out herein- be dismissed, at the cost of the movers.
Statement of the Case.
MONROE, J.
Defendant Seeger, being the lessee of a three-storied building, bearing the numbers of 916 and 918 Canal street, in May, 1904, by verbal contract subleased the' upper floors to plaintiffs, who are photographers, until October 1st of that year, with the understanding that a further lease would then be made. There appears to have been (and to be) no means of access to the upper floors of the building save a stairway, the foot of which is a few feet back from the property line of Canal street, and which runs up against the side of what, for convenience, will he called the west wall. The municipal numbers, it may be remarked, run from east to west, so that the- stairway is on the 918 side of the building.. The building is supported, as we infer, on the front line, by four *221 pillars — one at each comer, and two equidistant from each other and from the corner pillars; the space between the two central pillars having been, at that time, entirely occupied by a show window. Plaintiff, in going into possession, desired to use the pillar at the west corner and the front and west sides of the next one (to the east) for the display of their photographs, and to improve and individualize the entrance to their establishment by placing an ornamental door at the foot of the stairway and converting the space between the door and the property line and between the pillars last mentioned into a sort of vestibule, and, with the concurrence of Seeger, who paid part of the expense, that was done; the two pillars being converted into, or partially surrounded by, showcases, and a partition, running off first at an angle, and then straight out, from the foot of the stairway to the eastward pillar, being constructed, with a door opening through it into the store on the ground floor occupied by Seeger. That being the situation, a written lease was entered into on September 16th, to run for three years, from October 1, 1904, at $1,300 per year, payable in monthly installments; the property leased being described as “the second and third floors, known as 916 and 918 Canal street, * * * together with all the improvements situated thereon,” and as “the said premises and appurtenances,” and the lease containing the stipulation:
“Lessor agrees to extend this lease, under same conditions, as l'ong as he and his successors continue to control renting of said premises. Lessee to pay pro rata for increase of rents, should this occur.”
The lease so made was not recorded, and, so far as appears, was not extended or renewed until May 1, 1907, when a new contract was entered into for 36 months, from the lst-of the preceding October, upon “same conditions as former lease, with the exception of the amount of rent,” which was fixed at $150 per month.
In the meanwhile the other defendant, Claudel, had been negotiating with Seeger for the sublease of part of the first (or ground) floor, which the latter himself was occupying, and, seeing the position of the stairway, the vestibule, the showcases in which plaintiffs were displaying their wares, and the show window between the two middle pillars, offered to lease part of the space in question at a certain price, and put up the necessary partition at his own expense, if Seeger would remove the show window so as to afford a wider opening for the whole establishment, and the offer so made was accepted by Seeger, save that he voluntarily agreed to take less than Claudel offered for no other reason, as Claudel himself testifies, than that his own rent had been reduced. A written instrument, evidencing the lease, which was to begin on October 1st following, was executed on March 18, 1907, and recorded the next day. Claudel was,- however. allowed by Seeger to erect his partition and otherwise install himself some time before the 1st of October, and had been in actual possession for several weeks, when it occurred to him (apparently for the first time, as the subject had never before been mentioned) that he needed the pillar next to that at the west corner of the building, and about which plaintiffs had their showcase, for the display of his goods, and that under his lease he was entitled to it. On October 2d, therefore (through his attorney), he addressed a letter to plaintiffs, notifying them that he was the lessee of “12 feet of the ground floor of 918 Canal street,” that he found that they were occupying a portion of the space with a showcase, and that, unless they removed the showcase “by to-morrow, by noon,” he would remove it at their expense. This letter led to some correspondence and interviews, in which all of the liti *223 gants participated, but without satisfactory result. Seeger was anxious to reconcile matters, and offered to pay first one and then the other of his subtenants a considerable bonus if either would get out, and, not accomplishing anything in that way, he offered to let Claudel have the pillar nearer to the east end of the building for'showcase purposes, of which offer Claudel availed himself, without, however, as it appears, abating his demands with respect to the other pillar. And so, being unwilling to concede the demands made on them and being threatened on one side by Claudel and on the other by Seeger, plaintiffs brought this suit, asking that both parties be enjoined from disturbing their vestibule, or from obstructing in any way the full and free exhibition of their work, displayed in the showcases forming part thereof, and that the right to the use of said vestibule and showcases be recognized as resulting from their lease.
Claudel answered, setting up his lease from Seeger, and alleging that when it was made he knew nothing of any lease between Seeger and plaintiffs; that his lease calls for “12 feet of the lower floor of the building No. 916 Canal street towards the lake”; that plaintiffs are occupying a portion of that space, and that he is entitled to be put in possession of it. He alleges damages as the result of the injunction, and prays that the writ be dissolved and that there be judgment recognizing his right to the possession of “the upper portion [that is, the portion towards the lake] of the lower floor of the building No. 916 Canal street, in this city; said portion being in width twelve feet, and in depth the full length of said building, together with the use of the yard in the rear,” etc. “He further prays that Gustave Seeger be cited in warranty,” and that there be judgment reducing his rent whilst he is kept out of p>os-session of the property leased by him, and condemning Seeger and plaintiffs, and the surety on plaintiffs’ injunction bond, in sol-ido, in the sum of $250 for attorney’s fees, and against plaintiffs and their surety in the sum of $2,500 as damages otherwise sustained. Seeger filed exceptions to the call in warranty, and the exception of no cause of action was sustained, and the call dismissed. Answering to the demand of the plaintiffs, Seeger says that they failed to pay their first rent note, falling due October 31, 1907; that it was protected for nonpayment, and that he notified them that their lease was canceled and requested them to vacate the premises; that they afterwards paid the note, but have failed to move out; and he prays for judgment rejecting their demands, canceling their lease, and restoring him to the possession of the premises occupied by them. There was judgment on the merits in favor of plaintiffs, perpetuating the injunction sued out by them “at the cost of the defendants,” and rejecting Seeger’s demand for the cancellation of their lease. Claudel and Seeger obtained orders of appeal, and some time prior to the return day Claudel, through his counsel, obtained an order from this court extending the time for the filing of the transcript, the extension (to quote the language of the order) “to cover both appeals herein taken by mover” (that is to say, the appeals from the judgments dismissing the call in warranty and on the merits); but Seeger obtained no such order and the transcript upon which the case is to be decided was filed by Claudel as “Appeal of E. Claudel.”
Opinion — On Motion to Dismiss Appeal.
In view of the failure of Seeger to file a transcript, plaintiffs ruled the clerk of this court to show cause why he should not issue a certificate “that the record has not been brought up”; but it was held by the court (inter alia) that:
“Plaintiff’s remedy, if any, was by motion to dismiss; it being obvious that the clerk of this *225 court cannot certify that the record has not been brought up, when the transcript is on file and the case is on the docket of this court.”
Plaintiffs now move to dismiss Seeger’s appeal, on the grounds that be abandoned it by failing to file the transcript as required by law, and that, if he has filed a transcript, he has done so after the return day fixed in the order granting the appeal and without obtaining an extension of time for that purpose. The motion must prevail. Claudel and Seeger occupied wholly different relations to plaintiffs, were condemned on wholly different- grounds, and had really no interest in common. Each might have appealed without the other, or neither might have done so. Each having appealed, either was at liberty to abandon his appeal, if he thought proper, and the prosecution of his appeal by one has no bearing on the abandonment of his appeal by the other. What might have been the effect, as to Seeger, of the filing by Olaud-el of the transcript within the delay originally granted to him (which, as it happens, was the same as that originally granted to Seeger), need not be considered, for no transcript was filed within such delay, and if nothing had been done by either, the appeals of both would have been considered abandoned. Olaudel, however, before the expiration of the original delay, applied for and obtained an extension of time, and within the extended delay filed a transcript, indorsed “Appeal of E. Claudel.” Seeger applied for no extension of time, none was granted, and, as no appeal thereafter lodged in this court by him could have been considered, still less can the appeal thereafter lodged here by Olaudel, not on behalf of Seeger, but on his own behalf, be considered as inuring to the benefit of Seeger. The appeal of 'Gustave Seeger is therefore dismissed.