(57 South. 889.)

No. 19,183.

RICHARDSON et al. v. COBB.

(Feb. 26, 1912.)

*(Syllabus by the Court.)*

APPEAL AND ERROR (§ 627*)—DISMISSAL—FAILURE TO FILE TRANSCRIPT.

It is a settled rule of practice in civil cases that where the delay for the return of an appeal has been extended, and the transcript has not been filed in the Supreme Court on or before the return day, the appeal will be dismissed.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2744–2749, 3126; Dec. Dig. § 627.*]

Appeal from Seventh Judicial District Court, Parish of Richland; John R. McIntosh, Judge.

Action by Ella O. Richardson and Edmund Richardson against R. L. Cobb. Judgment for plaintiffs, and defendant appeals. Dismissed.

Maynard & Fitz Gerald, for appellant. Dart, Kernan & Dart, for appellees.

On Motion to Dismiss.

LAND, J. Plaintiff and appellees have moved to dismiss the appeal, on the ground that the transcript was filed in this court several days after the extended return day. The record before us shows the following facts pertinent to the motion to dismiss:

Judgment in favor of the plaintiff was read and signed in open court on April 11, 1911. On June 29, 1911, the defendant was granted an order of appeal, returnable to the Supreme Court on or before August 15, 1911. On October 11, 1911, this order was set aside, and another order of appeal was granted, returnable to the Supreme Court on the 5th day of December, 1911. This appeal was perfected by giving bond, and citations of appeal were duly served on the plaintiffs. On December 4, 1910, on the application of the defendant and appellant, the return day was extended to December 20, 1910. The transcript was filed in the clerk's office of the Supreme Court on December 26, 1910.

In a recent case, we held that, where the transcript on an appeal was not filed until two days after the return day, the appeal will be dismissed. Arata v. New Orleans Ry. & Light Co., 128 La. 449, 54 South. 938. We note the following additional cases as holding that, where the delay for the return of an appeal has been extended, and the transcript is not filed in the Supreme Court until after the return day, the appeal will be dismissed. Hake v. Lee, 104 La. 123, 28 South. 1003; Succession of Theriot, 118 La. 649, 43 South. 265. This has become a well-settled rule of practice, which cannot be departed from in civil cases on equitable considerations. The failure of the appellant to timely file the appeal is considered as an abandonment of the appeal. Mix v. Campbell, 115 La. 11, 38 South. 877; Brooks v. Smith, 120 La. 454, 45 South. 388; Rojas & Conner v. Seeger, 122 La. 218, 47 South. 532.

This rule is not enforced in criminal cases, where it is the duty of the clerk of the court to send up the transcript. State v. Clay, 121 La. 529, 46 South. 616. It is, therefore, ordered that the appeal herein be dismissed, at the cost of the defendant.