(98 South. 269)

No. 24805.

LOYOCANO et ux. v. NEW ORLEANS RY. & LIGHT CO.

(Oct. 29, 1923. Rehearing Denied by Division A, Dec. 10, 1923.)

*(Syllabus by Editorial Staff.)*

Street railroads ⟨⟩100(1)—12 year old boy struck by street car held guilty of contributory negligence.

Where a 12 year old boy of average intelligence, sufficiently advanced in school work to use five or six books in his studies, and of sufficient discretion to be guilty of negligence, while crossing a street immediately after the passage of a street car ran headlong in front of a car going in the opposite direction on an adjoining track without looking or listening, and was injured, *held*, that he was guilty of negligence barring recovery.

Appeal from Civil District Court, Parish of Orleans; Hugh C. Cage, Judge.

Action by Giacomo Loyocano and wife against the New Orleans Railway & Light Company. Judgment for defendant, and plaintiffs appeal. Affirmed.

M. C. Scharff, of New Orleans, for appellants.

Dart, Kernan & Dart, of New Orleans, for appellee.

By Division B, composed of DAWKINS, LAND, and LECHE, JJ.

LECHE, J. Erasmus Loyocano, a boy about 12 years of age, was run over by a street car in the city of New Orleans on March 28, 1917, as a result whereof he suffered the loss of his right leg, and the judgment herein appealed from is one which refuses a demand for the damages claimed on his behalf by his father and mother as compensation for his loss by that injury.

There are two versions as to the manner in which the accident occurred.

Plaintiff's theory is that their boy was com-

ing up the sidewalk on the river side of Camp street, and that when he reached the corner of Robin street he attempted to cross to the rear or Lake side of Camp; that his passage was obstructed by a Henry Clay street car going downtown on Camp; that he stopped, waited, and immediately after the Henry Clay car had passed he proceeded across, when he was struck, run over, and was injured by a Magazine car going up town on the next adjoining track.

Defendant, on the other hand, contends that the boy was in Coliseum Place, a public square adjoining Camp street on its rear or Lake side; that the boy ran towards the Magazine car, tried to grab ahold on the right of the front vestibule or platform, missed the step, lost his hold, and rolled under the car.

The parties have adduced testimony in support of the correctness of their respective contentions, and, although we believe that the proof fails to sustain plaintiff's version of the accident, we see no necessity for discussing in detail the evidence submitted, because, conceding the boy to have been injured in the manner claimed by his parents, no negligence is shown on the part of the railway company or of the motorman in charge of the street car.

According to the boy's own testimony, the only way he could have collided with the Magazine car was by rushing headlong in front of it, without looking, listening, or even slightly hesitating, after the Henry Clay car had cleared the path which he had selected in crossing Camp street. Both of the street cars were running at a speed of 8 or 10 miles; the boy was 12 years of age, going to school, sufficiently advanced to use five or six books in his studies, apparently of average intelligence, and of sufficient discretion to be guilty of negligence. His misfortune was the result of his own negligence.

The judgment appealed from is affirmed.

Rehearing denied by Division A, composed of O'NIELL, C. J., and ROGERS and BRUNOT, JJ.