LECHE, J.
In this ease three questions are presented for review — (1) whether' the appeal taken by the National Surety Company from the judgment of the civil district court to the Court of Appeal, should have been dismissed by that court; (2) whether the Court of Appeal properly rejected plaintiff’s demand against the National Surety Company; and (3) whether the claim of plaintiff for damages against J. D. O’Keefe, receiver of the New Orleans Railway & Light Company should be increased to the sum awarded by the district court.
Plaintiff’s cause of action against the receiver is one in damages for personal injuries suffered by a fall to the pavement from the step of a street car which was suddenly and negligently started while she was about to alight therefrom. She avers in her petition;
“That on or about the 22d day of May, 1915, under provision of Ordinance No. 2346 of the Commission Council Series of the City of New Orleans, the said New Orleans Railway & Light Company and the National Surety Company, a corporation duly organized and, having a domicile and doing business in this city arid state, executed a certain bond, the original of which is now on deposit in the proper archives of the city of New Orleans, a copy of which will be produced upon the trial,of this cause; the nature and tenor of said bond being such that the said National Surety Company is liable in solido with J. D. O’Keefe, receiver of the New Orleans Railway & Light Company, to petitioner for the injuries set forth in this petition and that your petitioner is entitled to recover in solido from the two aforesaid defendants.”
The civil district court rendered a judgment in favor of plaintiff, condemning the receiver.and the Surety Company in solido, to pay her damages in the sum of $2,450. From that judgment the two defendants, by separate motions and -by ' separate orders, each obtained an appeal returnable on the same day, March 23, 1923, to the Court of Appeal, parish of Orleans. They each perfected their appeals by furnishing separate bonds of appeal. On the return day, the re *450 ceiver presented to the Court of Appeal a certificate from the clerk that it would require 15 more days to complete the transcript, and an extension was accordingly granted. The transcript was then filed in due time in the Court of Appeal, whereupon plaintiff moved to dismiss the appeal of the National Surety Company on the ground that it had not filed its transcript in time, because, the extension having been asked for. only by the receiver, '<?ould not inure to the benefit of the surety company.
1. The Court of Appeal was of the opinion that the order which it had issued for an extension of time protected not only the appeal of the receiver, but also that of the surety company, and overruled _the motion to dismiss.
The interests of defendants in this case, according to the allegations and prayer of plaintiff’s petition, are joint and identical. The liability of the surety company could only arise in the event that there should be a liability on the part of the receiver. There was one and the same demand against them, and they were condemned in solido. It is conceded in argument, by plaintiff, that they might have joined in a single motion for one appeal and perfected the same by furnishing a joint and single bond. There can be no reason why a single transcript should not have been sufficient on behalf of both appellants in order to present the appeal to the Court of Appeal. See Breaux v. Albert Hanson Lumber Co., 125 La. 424, 51 South. 444; Succession of Touzanne, 36 La. Ann. 420. It was shown in the application for an extension of time, that the clerk of the civil district court needed 15 more days to complete the transcript, and therefore, if the transcript could not be completed in time for one of the appellants, it could not be completed in time for the other.
The question at issue, so far as we can ascertain from the argument of counsel and from our own researches in the jurisprudence, is res nova, and we believe that the Court of Appeal properly disposed of the same, and that its ruling is correct.
The case of Rojas & Conner v. Seeger et al., 122 La. 218, 47 South. 532, is easily distinguishable from the present one in this, that the interests of the two defendants were diverse and not in common. Each might have appealed without the other, and it was therefore held that the extension of time granted to Claudel did not inure to the benefit of Seeger, and the appeal of the latter was dismissed.
2. The allegation of plaintiff’s petition, already quoted in this opinion, is the only one under which she seeks to hold the National Surety Company jointly and solidarily liable with the receiver, for the amount of her demand in damages. The answer of the surety company to that allegation is as follows:
“Further answering respondent admits that it is true, as alleged in the tenth article of the petition, that the New Orleans Railway & Light Company filed with the city of New Orleans, as required by provision of Ordinance' 2346, C. C. C., certain bonds in the sum of $5,000 each, on which the respondent was surety, but respondent denies that it is liable to plaintiff on account of said -bond, and avers that plaintiff has no right to or cause for action against this respondent thereon.”
The Court of Appeal rejected plaintiff’s demand against the surety company on the ground that she failed to produce any evidence which might establish the liability of the surety.
An examination of the record fails to disclose the .offer or production of any evidence to sustain the demand of plaintiff against the National Surety Company. Neither was the city ordinance; under which the bond is alleged to have been furnished nor was the bond produced or filed in evidence, although plaintiff alleged that a copy of the bond woAld be produced on the trial of the cause. It is therefore obvious that the court did not err in refusing this part of plaintiff’s de *452 maud, for the reason that there was no proof to establish the saíne. Nor could the court have granted that demand on the face of the pleadings. Plaintiff alleges that the bond was given about the 22d day of May, 1915, and her claim is alleged to have arisen in January, 1920. The conditions of the bond are not set forth, and the petition merely states as a conclusion that the nature and tenor of the bond is such that the National Surety Company is liable in solido with the receiver of the railway and light company. That conclusion is not admitted by the surety company, but on the contrary it is specially denied in the answer.
3. The only other question to be decided is one of fact. The district court awarded damages to plaintiff in the sum of $2,450. That amount was reduced by the Court of Appeal ,to $1,200. The evidence, in our opinion, sustains plaintiff’s complaint of negligence on the part of the employees in charge of the railway and light company’s street car and the amount of the damages, a matter largely in the discretion of the court, seems adequate. We therefore find no reason to amend the decree of the Court of Appeal.
For these reasons, the judgment of, the Court of Appeal, under review in this case, is approved and affirmed costs of this court to be paid by plaintiff.