No. 8797.
Orleans Appeal.

## GEORGE H. HELD v. NEW ORLEANS RAILWAY & LIGHT CO. ET AL.

(February 2, 1925, Opinion and Decree.)

*(Syllabus by the Court.)*

1. **Louisiana Digest—Street and Interurban Railroads—Par. 27, 28.**

It is the duty of pedestrians at all times—particularly at night—before crossing electric street car tracks, to look and listen for an approaching car, and to stop, when the exercise of this duty is bound to have disclosed the necessity for stopping.

2. **Louisiana Digest—Street and Interurban Railroads—Par. 27, 28.**

Failure to see a well-lighted car or to hear signals of its approach, when to look and listen would have revealed its presence, constitutes negligence barring recovery.

3. **Louisiana Digest—Appeal—Par. 625, 635.**

A judgment fully supported by preponderance of evidence will not be disturbed on appeal.

(Civil Code, Art. 2315. Editor's note.)

Appeal from Civil District Court for the Parish of Orleans, Division "D", Hon. Porter Parker, Judge.

This is a damage suit for personal injuries.

There was judgment for defendant and plaintiff appealed.

Judgment affirmed.

W. H. Byrnes, Jos. F. Peyronni, attorneys for plaintiff and appellant.

Dart, Kernan & Dart, attorneys for defendant and appellee.

BELL, J. Plaintiff herein appeals devolutively from a judgment rejecting his demand for damages *ex delicto* against the New Orleans Railway & Light Co., and against its receiver, J. D. O'Keefe, and against the National Surety Company. As appellant, he has failed to appear in person or by counsel at the hearing before this court.

The petition sets forth that on August 11, 1918, at about 10:45 p. m., plaintiff, with his five-year-old daughter, alighted from a Milneburg train, at North Robertson Street and Elysian Fields Avenue, and was crossing defendant's track at the lake side of North Robertson Street; that when on the track on which defendant's cars are operated towards the river, he stopped to permit a car approaching from the river on a parallel track to pass; that while standing on the track, a car going towards the river came suddenly upon him, without giving any warning of its approach, and that he was knocked down and his left leg was badly crushed, necessitating its amputation, and that his right foot was mashed and other severe injuries sustained. It is further alleged that the car which injured plaintiff was being operated at a very rapid rate of speed; that the track on which plaintiff was standing was straight; that plaintiff was there in full view of the motorman operating the car; that the electric light was lit on the corner near which the accident happened, and that plaintiff's daughter, standing with him on the track, and whose hand he was holding, was dressed in white; that under all these circumstances, had the motorman exercised the slightest care, the accident would not have happened.

The excessive speed of the car and failure of the motorman to see plaintiff or his daughter while on the track, or to sound a warning of the approaching danger, constitute the alleged negligence upon which this action is predicated.

The railway and light company and its receiver answer by averring that if the plaintiff was injured in the alleged accident, he was entirely at fault in attempting to cross the company's track when he could and should have seen the car coming, and should have heard the warning sounded by the motorman as the car approached the crossing; that plaintiff was so close to the

crossing that anyone of ordinary understanding ought to have known that to attempt to cross in front of the car was exceedingly dangerous. Like defense is made by the National Surety Co. As against this last-named defendant there can be no recovery, for the bond under which its liability, if any, might be established, has not been annexed to plaintiff's petition, nor has it been offered or filed in evidence. The judgment, dismissing this defendant, must, therefore, under any conditions, be affirmed. (Gardner vs. O'Keefe et al., 155 La. 447, 99 South. 398.)

Plaintiff has alleged and has attempted to prove by his own testimony and that of two other witnesses, that he was standing between the two rails of the particular track on which the car which injured him was approaching. He justifies his standing in this dangerous and unusual place by stating that he had no other place to stand while awaiting the passing of other cars on a track parallel to the one on which he stopped. We find from a preponderance of evidence that he was not standing on the track or between its rails when struck, but that he carelessly and in total disregard of all warning, promptly given him, walked onto or so near the track as to be struck by the right front portion of the car. These facts are made clear by the testimony of the motorman operating the car and by another motorman (at the time a passenger on the car) and by a wholly disinterested witness who was standing on the front platform of the car and to the left of the motorman operating the car. These three witnesses and a fourth witness who was sitting on the left front cross-seat of the car, all testify positively that the motorman hollered at plaintiff, rang his gong and applied his brakes when plaintiff first started walking towards the track; that when plaintiff began his course toward the track, he was some four feet therefrom, and that the various signals given by the motorman and his earnest attempt to avoid the accident, were all commenced while plaintiff was some thirty-five feet distant from the front of the car. The sounding of the bell and the shouting of the motorman were continued up to the moment plaintiff was struck.

It is further shown by the evidence that plaintiff's daughter was not walking, or standing by his side at the time of the accident, but that she was being carried by plaintiff in his left arm and against his shoulder on that side of him which was nearest the approaching car. This fact leads us to conclude,—perhaps more than does any other evidence in the record,— that the child's body while elevated to the height of plaintiff's head, prevented plaintiff from seeing and probably hearing the approaching car. The testimony of two witnesses who were looking directly and constantly at the man and child confirm this belief. In throwing the child out of harm's way, plaintiff admits having turned in a circular direction, instead of stepping back from the approaching car. He also states that he did not see the car until it was within fifteen feet of him, although he admits having looked towards Claiborne Avenue, in the direction from which the car was approaching. There is abundance of testimony showing that the car was moving at a moderate speed, a speed which was gradually reduced from the time the car entered Elysian Fields Avenue from Claiborne Avenue until it was suddenly checked by application of the brakes in an attempt to avoid the accident.

Plaintiff's sudden and reckless approach to the track at the moment when the car was almost upon him, renders it impossible to apply to the instant case the doctrine of last clear chance. In Wolf et al. vs. New Orleans Ry. & Light Co., 133 La. 891, 63 South. 392, it was held:

"Where decedent, in passing in front of a street car by which she was struck and killed, was guilty of contributory negligence which continued up to the happening of the accident, and the motorman had no chance to avoid the accident after the danger became apparent, the doctrine of last clear chance was inapplicable."

In Friedman vs. New Orleans Ry. & Light Co. et al., 153 La. 951, 96 South. 821, it was held that where a pedestrian in broad daylight left the sidewalk and went in front of an approaching street car, after the gong was sounded and the motorman shouted and did all that was possible to avoid the accident, he was guilty of gross carelessness. In this same case it was further noted by the court that when contributory negligence of one struck by street car continues up to the happening of the accident, and where the motorman had no chance to avoid the accident after the danger became apparent, that the doctrine of last clear chance was inapplicable.

In the case of Loyocano et ux. vs. New Orleans Ry. & Light Co., 154 La. 852, 98 South. 269, a child twelve years old was held to be of sufficient discretion to be guilty of negligence in attempting to cross a street immediately after the passage of a street car, the boy running headlong in front of a car going in the opposite direction and on an adjoining track, without looking or listening. Under these circumstances he was held to be guilty of negligence, barring recovery.

Upon the foregoing authorities and from the facts cited in the instant case, we are of the opinion that the judgment of the trial court is correct and should be affirmed.

It is, therefore, ordered that the judgment herein appealed from be and the same is hereby affirmed, at plaintiff's costs in both courts.