**No. 2323.**
**Second Circuit Appeal.**

---

**WILLIAM M. LASYONE v. GRANT TIMBER & MANUFACTURING COMPANY OF LOUISIANA, INC.**
**J. W. STELL, Warrantor.**

---

(June 6, 1925, Opinion and Decree.)

*(Syllabus by the Editor.)*

1. **Louisiana Digest—Master and Servant—Par. 154, 160 (e), 160 (l).**
Under Section 18, Subsection 4, of the Workmen's Compensation Law, Act No. 20 of 1914, the Court of Appeal will not necessarily have to dismiss an appeal because the transcript was filed too late. Code of Practice, Art. 594 does not apply to Workmen's Compensation cases.

2. **Louisiana Digest—Master and Servant—Par. 154, 160 (e).**
While Section 20 of the Workmen's Compensation Law, Act No. 20 of 1914, authorizes a review by the District Judge after the lapse of a year from the time the judgment shall have become operative it does not warrant the appellate court in remanding the case for the purpose of obtaining proof as to change in plaintiff's condition since the trial before the expiration of a year.

3. **Louisiana Digest—Master and Servant—Par. 159.**
Where the injured employee suing for compensation under Section 8, Subsection 1 (b) of the Workmen's Compensation Law, Act No. 20 of 1914, as amended by Act 43 of 1922 is able to make the

same wage that he made before the accident he is not entitled to compensation.

(The recent amendment of Section 8 of Act 20 of 1914 is Act 216 of 1924. Editor's note.)

Appeal from Thirteenth Judicial District Court of Louisiana, Parish of Grant, Hon. L. L. Hooe, Judge.

This is a suit for compensation under Workmen's Compensation Act No. 20 of 1914, brought by an injured employee. The defendant called Stell in warranty.

There was judgment for the plaintiff and plaintiff appealed. Judgment affirmed.

E. E. Kidd, C. H. McCain, of Alexandria, attorneys for plaintiff, appellant.

A. L. Burford, White, Holloman & White, of Alexandria, attorneys for defendant, appellee.

CARVER, J. The plaintiff, a log sawyer, employed by Stell, a contractor under defendant, sues defendant under the workmen's compensation act for $14.40 per week for 400 weeks, claiming to have been permanently and totally disabled by his leg being cut near the knee in the course of his employment.

Defendant called Stell in warranty.

Both defendant and the warrantor admit that plaintiff received a slight injury by his leg being cut, but deny that said injury disabled him totally or permanently.

Stell pleads, further, that plaintiff was paid, by crediting same on an account due by him, the sum of $37.35 in full settlement of the compensation due him for the injury.

The District Judge gave plaintiff judgment for $14.40 per week, or 60% of his weekly wages, for a period of four weeks, less the $37.35 paid him by Stell in the manner above mentioned.

The minutes of the lower court show that on July 7, 1924, defendant obtained a devolutive appeal returnable August 29, 1924, and that on January 5, 1925, the plaintiff obtained an appeal returnable March 2, 1925. The record was filed in this court by plaintiff on March 2, 1925.

Defendant moves to dismiss plaintiff's appeal on the ground that the order of appeal was obtained by plaintiff on July 7, 1924, returnable August 29, 1924, and that the transcript not having been filed on or before August 29, 1924, the appeal was abandoned and no subsequent appeal was permissible.

The law is well settled that the failure of an appellant to file the transcript by the return day is an abandonment of the appeal.

Code of Practice. Article 594.

Cox vs. Hope S. & L. Co.. 130 La. 232, 57 South. 889.

The law not requiring any appeal bond in this case, the mere taking of an order of appeal would perfect same so as to make it the appellant's duty to file the transcript by the return day under penalty of the appeal being regarded as abandoned.

Levee Board vs. Howard, 132 La. 911, 61 South. 868.

According to the minutes, though, the appeal of July 7, 1924, was not taken by plaintiff, but by defendant. Should the minutes control, therefore, the only appeal taken by plaintiff was that on January 5, 1925, returnable March 2, 1925, on which day the record was filed.

At the oral argument, though, plaintiff's counsel frankly admitted that the minutes of July 7, 1924, were erroneous and that the appeal therein mentioned was not taken by defendant but by plaintiff. He further stated, though, that he had inquired of the clerk of the lower court before the return day about the record and had been informed by him that it had been filed in the appellate court. He further stated that the clerk of the lower court told him afterwards that he had

intended filing the record but had refrained from doing so because defendant's attorney had informed him that he did not wish it sent up, and he, the clerk, thought the appeal had been taken by defendant, being misled by the minutes of July 7, 1924; but that this information was not imparted to him, plaintiff's attorney, until after the session of this court at Alexandria in December, 1924, at which time he thought the case would be tried and was surprised when he received the calendar for the December term and saw the case was not on it. .

We do not mean to imply, nor did we understand plaintiff's counsel as implying, that any blame was to be attached to defendant's attorneys for telling the clerk that they did not wish the record sent up, they simply having meant, as we understand it, that they did not care to appeal themselves, without, though, intending . any interference with plaintiff's appeal.

We do not wish to establish a precedent by violating or modifying the well settled rule that an appeal must be regarded as abandoned if the record is not filed by the return day or an extension obtained before that. Under the circumstances of this case, though, and especially in view of the provision in paragraph 4` of section 18 of the compensation act providing "the judge shall not be bound by the usual common law or statutory rules of evidence or by any technical or formal rules of procedure other than as herein provided", we have concluded to overrule the motion to dismiss.

Plaintiff's counsel filed a motion to return the case to the lower court for the purpose of taking testimony as to his, plaintiff's present condition. They allege that since the trial in the District Court plaintiff's condition has become so much worse that he is unable to pursue his occupation of sawing logs and that his earning capacity has greatly decreased.

The compensation act provides, in section 20, as follows:

"That a judgment of compensation may be modified at any time by subsequent agreement between the employer and employee with the approval of the judge of the court that rendered the judgment sought to be modified or any time after one year when said judgment of compensation shall have become operative it may be reviewed by the judge of the court that rendered the judgment sought to be modified upon the application of either employer or employee on the ground that the incapacity of the injured employee has subsequently increased, such increase growing directly out of the injury for which compensation had been allowed or diminished. In such case the provisions of paragraph 1 and 3 of section 9 with reference to medical examination shall apply." '

This section, in our opinion, while it authorizes a review by the district judge after the lapse of a year from the time the judgment shall have become operative, does not, we think, warrant us in remanding the case for the purpose of obtaining proof as to change in plaintiff's condition since the trial.

The motion to remand is, therefore, overruled.

### ON THE MERITS.

It seems to us that the proof supports the judgment of the district judge. The demand is for compensation for total, permanent disability. The testimony of plaintiff himself shows that he is not totally disabled but, on the contrary, was able to do and did do work of the same character as he performed before the accident.

We think the proof shows partial disability, but as the compensation for par-

tial disability under the law applicable to this case (Act 43 of 1922) is 60% of the difference between plaintiff's wages at the time of the injury and the wages he was able to earn thereafter, and as the proof shows that his wages after the injury were equal to those before, nothing can be awarded on this score.

Stell testifies to the credit of $37.35 claimed by him, and plaintiff does not deny same.

For these reasons, the judgment of the lower court is affirmed.