## YOUNG et al. v. CARNAHAN CREAMERY et al.*

### No. 14977.

Court of Appeal of Louisiana. Orleans.

Nov. 26, 1934.

Spearing & McClendon, of New Orleans, for appellants Mr. & Mrs. J. E. Salathe and United States Fidelity & Guaranty Co.

Porteous, Johnson & Humphrey, of New Orleans, for appellants Carnahan Creamery and Standard Surety & Casualty Co. of New York.

H. W. & H. M. Robinson, of New Orleans, for appellees.

JANVIER, Judge.

Mrs. Annie R. Young received physical injuries in the accident from which resulted the suit entitled "Mrs. Charles G. Battalora, et al. v. Carnahan Creamery, et al.," 157 So. 612, in which we have this day rendered our opinion and decree. In the district court there was judgment in favor of Mrs. Young against all of the defendants in solido in the sum of $1,500, and there was also judgment in favor of Mr. Young for $396.85, that being the amount expended by him or for which he had become liable for medical attention, etc., rendered to Mrs. Young. All of the defendants have appealed from both judgments.

Though this case and the Battalora Case were not submitted on the same record, we find in the transcript before us nothing which alters the conclusions as to liability which we reached in the Battalora Case. It is true that the testimony of some of the witnesses is somewhat different, but we believe that the differences result only from the fact that one case was tried later than the other and that recollections differ with time and memories are faulty. We, therefore, direct our attention solely to the question of the amount of the award to which Mrs. Young is entitled.

We find no evidence which would justify an amendment of the judgment in favor of Mr. Young.

When the judgment was rendered in favor of Mrs. Young, she, feeling that the amount awarded her was inadequate, obtained an order for a suspensive appeal, which was made returnable to this court on June 18, 1934. One week later all of the defendants obtained orders granting them appeals, all of which were also made returnable to this court on June 18, 1934.

On the said return day all defendants obtained from this court orders extending the return day to July 18th, and again on July 17th all defendants secured further orders extending the return day to August 20th. Mrs. Young did not secure any of the said extensions. On August 20, 1934, the transcript of

*Rehearing denied January 7, 1935.

appeal was filed in this court by the defendants.

No answers to the said appeals were filed by Mrs. Young, nor was any transcript of appeal filed with us by her.

Two of the defendants, Frank G. Carnahan and Standard Surety & Casualty Company of New York, have now filed motion seeking the dismissal of the appeal of Mrs. Young. The remaining defendants, Mr. and Mrs. Salathe and United States Fidelity & Guaranty Company, have not joined in the motion to dismiss Mrs. Young's appeal.

The purpose in seeking the dismissal of the appeal of Mrs. Young is to prevent an increase in the amount awarded her; the contention being that, since she has not answered the appeal taken by the defendants and has not perfected an independent appeal on her own part, she cannot seek an amendment of the said judgment.

■ Of course, if she has neither answered the other appeals, nor perfected an appeal on her own behalf, she can obtain no amendment in her favor.

"* * * · It is axiomatic that a judgment cannot be amended at the instance of an appellee, who has neither appealed nor filed an answer to the appeal, praying for an amendment, C. P. art. 888; Chopin v. Freeman, 145 La. 973, 83 So. 210; Alfred Hiller Co. v. Hotel Grunewald Co., 147 La. 129, 84 So. 520; Ervin v. Shelby's Heirs, 146 La. 580, 83 So. 835; City of N. O. v. N. O. Jockey Club, 115 La. 911, 40 So. 331; Oglesby v. Turner, 127 La. 1094, 54 So. 400." Nelson v. Allen, 152 La. 754, 94 So. 379, 380.

Obviously there has been no answer by Mrs. Young to the appeals taken by the defendants, and it follows that her only hope for a consideration of her assertion that the amount awarded her is inadequate must rest on her contention that her independent appeal has been perfected.

■■ If her appeal has not been perfected, or if the transcript has been lodged in this court too late, then we cannot consider her appeal at all, and she can be granted no increase; neither against those defendants who have moved to dismiss her appeal, nor against those who have not so moved. This is true because of the fact that appellate courts in this state must, sua sponte, dismiss appeals which have been abandoned, or which have been lodged with them too late.

"* * * Where a transcript is lodged too late, the court has no jurisdiction to do anything other than dismiss the appeal. Atlantic Paint Co. v. Merkel, No. 8869, Orleans Appeal, of the Docket unreported [see Louisiana and Southern Digest]; Collins Piano Co. v. Cospelich, 7 La. App. 277." Roussel v. Guiterrez, 12 La. App. 700, 127 So. 1, 2.

See, also, Gigand v. City of New Orleans, 52 La. Ann. 1261, 27 So. 794; O'Reilly Eng. Co. v. Buckner, 5 La. App. 662.

By our decision in the matter of Farrow v. John R. Thompson Co., 18 La. App. 404, 135 So. 80, 137 So. 604, some doubt may have been thrown upon the duty of an appellate court to dismiss, sua sponte, an appeal lodged too late, but there can be no doubt that, where no transcript has been lodged and no extension has been obtained, the appeal must be considered as having been abandoned, and that an appellate court has no jurisdiction to consider such an appeal, even if no motion to dismiss has been filed.

■ All defendants, then, are in the same category, so far as a possible amendment in favor of Mrs. Young is concerned.

■■ Counsel make two contentions:

First, they assert that among all counsel there was an understanding which, in effect, contemplated that the extensions of the return day were to be for the benefit of all appellants and that, furthermore, though the motions suggesting that extensions be granted bear the names of defendants only, the orders granting the extensions do not name any particular appellants, and thus should be construed as applying to all; and,

Second, they contend that it should be considered that the transcript ultimately lodged by defendants was filed on behalf of all appellants, including Mrs. Young.

In the face of disputes we are unable to give effect to agreements between counsel unless they are reduced to writing and appear in the record. We have many times so stated, as have most other courts.

The motions on which the extensions were granted referred specifically to the several defendants and give no indication of applying to Mrs. Young, so that we can find nothing in them which authorizes the view that the orders granting the various extensions were issued for the benefit of all appellants; those named in the respective motions and all others also.

We note particularly that the different counsel representing the different groups of defendants were careful to obtain separate extensions and to refer to their respective clients by name in their motions, thus indicating that they did not feel that extensions

granted to one group of appellants could be effective in extending, on behalf of the other appellants, the date of the return day.

In Rojas & Conner v. Seeger et al., 122 La. 218, 47 So. 532, 534, there were two defendants who obtained orders of appeal from a judgment perpetuating an injunction against them. One of them, Claudel, "Prior to the return day * * * obtained an order * * * extending the time for the filing of the transcript; * * * but Seeger (the other defendant-appellant) obtained no such order." Plaintiff sought the dismissal of Seeger's appeal "on the grounds that he abandoned it by failing to file the transcript as required by law, and that, if he has filed a transcript, he has done so after the return day fixed in the order granting the appeal and without obtaining an extension of time for that purpose." The Supreme Court held that the interests of the two defendants in that case were not the same and that, therefore, the extension of time obtained by one did not extend the time as to the other. The court said:

"Claudel and Seeger occupied wholly different relations to plaintiffs, were condemned on wholly different grounds, and had really no interest in common. Each might have appealed without the other, or neither might have done so. Each having appealed, either was at liberty to abandon his appeal, if he thought proper, and the prosecution of his appeal by one has no bearing on the abandonment of his appeal by the other. What might have been the effect, as to Seeger, of the filing by Claudel of the transcript within the delay originally granted to him (which, as it happens, was the same as that originally granted to Seeger), need not be considered, for no transcript was filed within such delay, and if nothing had been done by either, the appeals of both would have been considered abandoned. Claudel, however, before the expiration of the original delay, applied for and obtained an extension of time, and within the extended delay filed a transcript, indorsed 'Appeal of E. Claudel.' Seeger applied for no extension of time, none was granted, and, as no appeal thereafter lodged in this court by him could have been considered, still less can the appeal thereafter lodged here by Claudel, not on behalf of Seeger, but on his own behalf, be considered as inuring to the benefit of Seeger. The appeal of Gustave Seeger is therefore dismissed."

There the interests of the two defendants, though not identical, were at least similar. In the case at bar the interests of those who obtained extensions are diametrically opposite to the interests of Mrs. Young, who did not.

In Gardner v. O'Keefe et al., 155 La. 447, 99 So. 398, 399, is found another case in which there were two appellants, a receiver and his surety, but in which only one, the receiver, obtained an extension of time to file the transcript. Motion was later made to dismiss the appeal of the surety "on the ground that it had not filed its transcript in time, because, the extension having been asked for only by the receiver, could not inure to the benefit of the surety company." The Supreme Court refused to dismiss the appeal, but, in doing so, gave reasons which accentuate the necessity of our dismissing the appeal of Mrs. Young as having been abandoned. There the court said:

"The interests of defendants in this case, according to the allegations and prayer of plaintiff's petition, are joint and identical. The liability of the surety company could only arise in the event that there should be a liability on the part of the receiver. There was one and the same demand against them, and they were condemned in solido. It is conceded in argument, by plaintiff, that they might have joined in a single motion for one appeal and perfected the same by furnishing a joint and single bond."

The court distinguished the case of Rojas & Conner v. Seeger, supra, in the following words:

"The case of Rojas & Conner v. Seeger, et al., 122 La. 218, 47 So. 532, is easily distinguishable from the present one in this, that the interests of the two defendants were diverse and not in common. Each might have appealed without the other, and it was therefore held that the extension of time granted to Claudel did not inure to the benefit of Seeger, and the appeal of the latter was dismissed."

Here, as we have already said, Mrs. Young's interest was exactly the opposite of that of the other appellants. We, therefore, cannot consider that the extensions granted to the other appellants afforded extensions to her. We must consider her appeal as having been abandoned.

■ We then approach a study of her injuries with a realization that the amount awarded cannot be increased, and we find, from the record, that she sustained a fracture at the base of the skull, from which she, however, has apparently recovered. She was required to remain on her back in bed

for two weeks. The early indications created grave suspicion of permanent serious injuries, but, fortunately, these fears of the physicians in this regard have not been realized. She also sustained two lacerated cuts on the scalp and a break of the right collar bone. These injuries, without going into further detail, indicate that the amount awarded was not excessive.

For the reasons given, and for the reasons which appear in our opinion and decree in Battalora et al. v. Carnahan Creamery et al., supra.

It is ordered, adjudged, and decreed that the judgment in favor of George B. Young be and it is affirmed, at the cost of defendants-appellants, and it is further ordered, adjudged, and decreed that the judgment in favor of Mrs. Annie R. Young be and it is affirmed, at the cost of defendants-appellants.

Affirmed.