FRUGE, Judge.
This is an appeal from a judgment adverse to defendants herein. The plaintiff, Willie Edna White Broussard, brought this suit for damages arising from the death of her sister, Mrs. Martha Elsie White King, which resulted from an automobile collision on U. S. Highway 171, on the morning of December 13, 1958 at about 10:30 A.M. Deceased was a passenger in the Chevrolet automobile driven by one of the defendants herein, Annette L. Pitre, which automobile was being driven in a northerly direction. The other vehicle, a Ford, was being driven in a southerly direction by Ivy J. Bailey. Both drivers and their insurers were made defendants. Plaintiff has relied on the doctrine of res ipsa loquitur and alternatively pleads that the “accident was caused through the joint, concurring and contributing negligence” of both drivers.
The physical facts, the mute evidence, remaining after the collision, as shown by the photographs and testimony, are not in dispute. The Pitre car came to a rest in its own lane. The Bailey car came to rest with its front left wheel wholly in the Pitre lane (east lane) and with the right front bumper also extending over the center line into that lane. The Bailey car made skid marks within the Pitre lane for a distance of approximately seventy-five feet, ap *500 parently with the wheels on its left side, up to the point of impact. There are skid marks in the Bailey lane apparently made by the right wheel or wheels of the Bailey car. All of the debris is in the Pitre lane with some dirt extending from the center line into the Bailey lane which fell from the front right of the Bailey car. There are no skid marks south of the impact point in the Pitre lane which indicates that either her brakes were not applied or that she did not jam them on. In either case, suffice it to say, there were no skid marks south of the collision. On the basis of the above it would appear that the point of impact was in the Pitre lane and that Bailey was improperly in that lane. However, it is claimed that this is not the manner in which the collision occurred.
Only one of the participants in this collision claims to have any knowledge of the circumstances surrounding the accident. The passenger in the Pitre car was killed and defendant Pitre stated that she does not remember how it occurred. Bailey and his wife were in his car, but his wife also stated that she did not remember the circumstances. However, Bailey stated his version of the happenings leading up to the collision. The gist of Bailey’s testimony is that the Pitre vehicle was first seen in the west lane (Bailey’s) astraddle the road and shoulder about one hundred yards ahead, it crossed back to the east lane then back to the west lane from whence it proceeded to cross over to the east lane; when it commenced its last crossing Bailey applied the brakes of his car and skidded to the point of impact.
The Felice family testified on behalf of defendant Bailey. Their testimony corroborated, to a degree, that of Bailey’s. However the lower court chose to ignore their testimony and cited several reasons in its judgment therefor. They stated that they were following the Pitre car, saw it swerve (“weaveling”) and collide head-on with Bailey in Bailey’s lane. Briefly, the lower court ignored their testimony stating that Mr. Felice did not remember certain happenings immediately after the accident that other witnesses testified to; they failed to tell the investigating officers that they had witnessed it when witnesses were being sought during the on-the-scene investigation; their car was parked approximately 150-200 feet from the scene indicating that it was not the first there; and other witnesses did not place him at the scene of the accident. ' For the reasons assigned by the trial judge and those set forth hereinbelow we are inclined to agree that they did not witness the accident, but arrived immediately thereafter, and “he like to have seen the accident, or almost saw the accident.” Two disinterested witnesses testified that there was no car following the Pitre car as the Felice’s claim. Nelton Bourque testified that he was on a side road, south of the accident, waiting for the Pitre car to pass before driving onto the highway to go south; that immediately after it passed he emerged onto the highway going in the opposite direction; heard a crashing sound; looked into his rear-view mirror and saw that the collision had occurred; made a U-turn and went to the scene immediately; that he was the first there; and that he saw no vehicle following the Pitre car as testified to by Felice. It is appropriate to assume that had Felice been following as closely (if at all) as he says, then Bourque certainly could not have entered the highway immediately after the Pitre car had driven by and neither could he have made the U-turn. Two witnesses saw Bourque’s actions and their testimony corroborates his testimony as to his actions. Bourque further stated positively that there was no car following the Pitre car. James B. Stout, who was standing at a service station at the intersection where Bourque emerged also testified that there was no car following the Pitre car. Bourque and three witnesses, who were standing at the intersection where Bourque emerged, testified that the Pitre vehicle was being driven normally as it passed them. Counsel for Bailey contend that the maxim “Falsus in uno, Falsus in omnibus” was *501 applied by the lower court in not crediting the Felice family’s testimony, and cite authority to the effect that it is not a valid rule. Be that as it may, we do not find that it was so employed nor have we hereby employed it. However, in view of the circumstances and the testimony, although we have not discredited these witnesses, we treat their testimony “cum grano salis”.
Nor do we find any merit in defendant Bailey’s contention that this was a sudden emergency and that therefore, he acted reasonably. If the Pitre vehicle was swerving as he testifies, and if he did see it run off the road one hundred yards (300 feet) ahead of him and in his lane, then in that case he could have and should have brought his car to a halt or slowed at that time and should not have hesitated until an emergency was created. If these were the circumstances then his hesitation or delay in applying his brakes was unreasonable and hence he acted negligently. Counsel for Bailey has cited Wood v. Manufacturers Casualty Insurance Co., La.App.1958, 107 So.2d 309 in support of the proposition that Bailey had a right to rely on an assumption that Pitre would yield the right of way. In that case the driver of a car approaching a line of traffic from the opposite direction was held to have a right to assume that a car in the line of traffic which had pulled out to pass the vehicles ahead would yield the right of way and return to its proper lane. Without going into the merits of this rule or distinguishing the factual situation, suffice it to say that this assumption must be a reasonable one in view of the circumstances of the particular case. We find that Bailey acted unreasonably in view of the factual situation that his testimony sets forth.
Defendant Bailey also contends that the decedent was contributorily negligent on the theory that Miss Pitre was wobbling or swerving down the highway. There was testimony to the effect that she was and yet there is testimony to the effect that she had been driving normally a short distance before. Assuming arguendo, that she was wobbling as Bailey says from one hundred yards up the road and that decedent was aware of it, there is no evidence that she had an opportunity to demand to be let out or to get out of the car. It would be pure speculation to say that she did or did not warn Miss Pitre or request to be let down. Assuming decedent to have been a reasonable woman, and there being no evidence to the contrary we will further assume that she acted reasonably under the circumstances. But defendant Bailey argues that since Miss Pitre has had “spells”, during which she could not recall what had transpired, that therefore deceased knew that Miss Pitre might pass-out. However, the record does not disclose whether or not deceased knew that Miss Pitre had these spells, but in any event if she did know it then she also would have known that Miss Pitre “was taking pills for it”, and if she were taking pills then although it was possible, it was highly improbable that she would have a “spell”. We can find nothing in the record showing that the decedent was negligent. There has been no evidence nor proof that deceased had an opportunity to extricate herself from her predicament and that she failed to take advantage of it.
We now come to the question of negligence or not of Miss Pitre. Counsel for Miss Pitre cites Miller v. Hayes, La.App. 1947, 29 So.2d. 396, in support of the argument that the driver of a vehicle which' collides with a second vehicle in the second vehicle’s lane has the burden of showing that the accident was not caused by his negligence in driving his vehicle on the wrong side of the highway. Admitting this proposition to be correct, we nevertheless find that Miss Pitre was not free from fault as set forth hercinbelow. Although the physical facts indicate that she was not at fault it is possible and probable that, as contended by Bailey, she had been swerving prior to the accident. From the physical facts it would appear that she *502 had successfully negotiated the return to her lane, but that Bailey had already attempted to stop or slow at the time and since his left wheels (brakes) were gripping more (as evidenced by the 75 foot skid mark) his car was pulled into her lane and he had no opportunity to return to his lane before the impact. Something must have occurred to cause him to apply his brakes as he did. That the trial judge was perplexed by the physical findings and Bailey’s testimony, which apparently contradicted, is evidenced in his opinion thusly:
“ * * * The court can not disregard the testimony which was brought out by the defendants, [Bailey and his insurer], to the effect that Miss Pitre had been subject to nervous spells. That could be some explanation for the testimony by Mr. Bailey and for the actual occurrence of the accident. As has been argued by his counsel, there must be some reason for Mr. Bailey to have applied his brakes. It does not stand to reason that a man driving along the highway would for some reason quickly apply his brakes, skid down the highway until such time as he ran head on into a vehicle which is in the proper lane of traffic. I note also the argument of counsel that it is a fact agreed to by everyone that the Chevrolet made no effort to apply its brakes, and there are no skid marks placed by the Chevrolet either prior to or after the time of the collision. The Chevrolet simply came to rest in its proper lane of traffic facing the right direction, and damaged along three-quarters of the left front end. If Miss Pitre was in full control of her facilities [faculties] and was keeping a proper lookout, she would not watch an oncoming car come skidding down the highway with its brakes applied without making some effort to pull over to the shoulder. There is no suggestion as to why Mr. Bailey might have had to apply his brakes, * * * After considering all of the testimony and all of the pictures which are in evidence, this Court is led to the conclusion that Miss Pitre as well as Mr. Bailey must have been guilty of negligence in operating their respective vehicles. Mr. Bailey in applying his brakes as he did and driving-in the left or wrong lane. Miss Pitre was also negligent in that she too was. partly in the wrong lane of traffic when the impact occurred. * * * ”
Thus we see that the trial judge theorized' that since Bailey was not wholly in the Pitre lane, but rather only the front left was over the center line, and since each automobile had been damaged virtually all across-their front ends, then the Pitre car must have been over the center line also. Had the Pitre car been totally in its lane then only its front left would have been damaged, but since the whole front was damaged it had obviously encroached upon the Bailey lane. Since defendant Pitre has offered no acceptable explanation as to what caused Bailey’s actions we are not inclined to reject Bailey’s testimony as being unworthy of belief. [Rather, we recognize that the lower court conscientiously endeavored to harmonize his testimony with the physical facts.]
We find, under these circumstances, that at various times, according to the physical evidence and the testimony, both defendants were at fault. Neither defendant has adequately shown that he was free of fault at the moment of impact. Therefore, we find that the collision was caused by the joint, concurring and contributing negligence of both. We also find that the decedent was free of contributory negligence.
Plaintiff has answered this appeal asking that the award be increased. Defendants have alternatively asked that it be decreased citing Freeman et al. v. United States Casualty Co. et al., La.App.1956, 88 So.2d 423 as authority. The cited case is in itself a learned treatise, but we do not find that it is authority for either proposi *503 tion. Under the circumstances of this case we find that funeral expenses plus three thousand five hundred ($3500.00) dollars for the loss of companionship, affection, etc. is neither excessive nor inadequate.
For the foregoing assigned reasons we concur in the judgment of the trial court and therefore affirm the judgment. Costs of this appeal to be paid by the defendant-appellants.
Affirmed.