HOOD, Judge.
Plaintiff, Mrs. Grace Chanler Patterson, claims damages for the injuries which she sustained as the result of a collision between an automobile being driven by her husband, Jacob E. Patterson, and an automobile being driven by Earl Jackson. Mrs. Patterson was riding as a passenger in her husband’s automobile at the time of the collision. The suit was instituted against St. Paul Mercury Insurance Company, her husband’s automobile liability insurer.
After trial on the merits, judgment was rendered in favor of plaintiff, and the defendant has appealed.
The accident occurred at about dusk on December 5, 1960, on U. S. Highway 71, in Rapides Parish, Louisiana. The highway runs generally north and south at that point, *226 but there was a gradual curve in the road immediately south of the place where the collision occurred, and another gradual curve immediately north of it, the highway being straight for a distance of about 150 yards between these two curves. It was raining at the time of the accident.
Shortly before the accident, plaintiff and her husband were traveling in a northerly direction on that highway. After Mr. Patterson had rounded the southernmost curve to his left, he observed the Jackson automobile approaching from the opposite direction, just as it was completing the northernmost curve to its left When Patterson first saw the Jackson car its wheels were straddling the center line of the highway. A large truck, also being driven in a southerly direction, was following the Jackson car.
Patterson was 300 feet from the Jackson vehicle when he first saw it. Although he observed that the wheels of the Jackson car were straddling the center line of the highway, he nevertheless continued in his own northbound lane of traffic without reducing his speed until the cars were about fifty feet apart. Patterson testified that he remained in his lane of traffic until that time because he assumed that Jackson would return to his proper lane of traffic before the cars met. The driver of the Jackson car did not return to his proper lane of traffic, however, but instead he continued to edge more and more to his left. When the cars reached points approximately fifty feet apart, Patterson applied his brakes and turned sharply to his right, and at about the same time Jackson turned to his left. At the time the collision occurred the front wheels of both vehicles were completely off the concrete slab, the point of impact being entirely on the east shoulder of the highway. The left front part of the Patterson vehicle collided with the right front part of the Jackson car.
As the vehicles were approaching each other just prior to the accident, the Patterson car was being driven at a speed of 35 to 40 miles per hour, and the Jackson car was being driven at a speed of about 30 miles per hour. The accident occurred on the open highway, not within the corporate limits of any municipality, so both vehicles were traveling well within the legal speed limit at that time.
Patterson testified that he applied his brakes and turned to his right immediately after it became apparent to him that Jackson did not intend to return to his proper lane of traffic. He explained that he could not have turned to his left because the truck which was following Jackson blocked that lane of traffic. Jackson, a 67-year old colored man, had acquired the automobile he was driving just two days before the accident occurred. He testified that he intended to go to a drug store which was located on the east side of the highway, and that he started angling to his left when he was about five and one-half paces (which we assume to be from 16 to 18 feet) from the place where he intended to turn in. He concedes that he saw the Patterson car approaching before he began angling to his left, but he states that Patterson “started around on my left” and then “pulled back and he hit me.”
The trial judge concluded that Patterson was negligent either in failing to reduce the speed of his automobile when he first observed the oncoming Jackson vehicle, or in failing to pull his car to the right shoulder of the road and to bring it to a stop in time to avoid a collision. He further concluded that because of the slow speed of the two vehicles Patterson was not confronted with an emergency. The defendant, in contending that the trial judge erred, argues that Patterson had the right to assume that Jackson would obey the law and would return to his proper lane of traffic before the vehicles met, and that he thus was not negligent in failing to reduce his speed or t0‘ turn off the highway sooner.
The rule of law applicable here is correctly set out in Blashfield’s Cyclopedia of Automobile Law and Practice, Vol. *227 2, Permanent Edition, Section 919, as follows :
“A motorist has a right to assume that the driver of a vehicle coming from the opposite direction will obey the law, and to act upon such assumption in determining his own manner of using the road. A driver, therefore, proceeding on the right side of the traveled way, may assume that the driver of a vehicle approaching on the same side, or on his left-hand side, will do all that a reasonably prudent person, under all the circumstances, would do to avoid a collision, which ordinarily would be to yield half the way, or to turn out in time to avoid a collision, and that such driver will not force him, in violation of the statute or ordinance, or the law of the road, to turn from the part of the road on which he is lawfully driving.
“Likewise, a motorist on the right side of the road and traveling in a lawful mariner can assume that one approaching in the opposite direction will control his car in obedience to the law of the road and will not suddenly turn across his path.
“These assumptions may not be indulged in, however, after he sees or ought to see, from the situation of the cars or highway or the conduct of the approaching driver, that they are unwarranted. In other words, the duty of an automobile driver, who is on the right side of the street, to stop or take other precautions to avoid a collision with an approaching vehicle, only arises when by due care he discovers that another on the wrong side of the street cannot or will not himself turn to the right to clear his way.”
This rule has been recognized and applied repeatedly by the appellate courts of this state. See Martin v. Firemen’s Insurance Company of Newark, New Jersey, 241 La. 1047, 132 So.2d 892; Breaux v. Flithers, et al., La.App. 4 Cir., 144 So.2d 574; Parker v. Smith, La.App. 2 Cir., 147 So.2d 407; Broussard v. American Indemnity Co., et al., La.App. 3 Cir., 125 So.2d 499 (cert, denied) ; Howard v. Davis, La.App. 2 Cir., 121 So.2d 589; Woodard v. American Indemnity Co., La.App. 1 Cir., 118 So.2d 284; Wood v. Manufacturers Casualty Insurance Co., La.App. 2 Cir., 107 So.2d 309; Peeples v. Dodson, et al., La.App. 2 Cir., 99 So.2d 161 (cert. denied) ; Stockwell v. Gulf Engineering Co., Inc., et al., La.App. Orl., 83 So.2d 386; Cook v. Dance, et ux., La.App. 2 Cir., 96 So.2d 350; Manley v. Hammons, et al., La.App. 2 Cir., 20 So.2d 817. See also LSA-R.S. 32:72.
In Martin v. Firemen’s Insurance Company of Newark, New Jersey, supra, plaintiff observed an approaching vehicle in plaintiff’s lane of traffic when the cars were 1000 feet apart. Both vehicles were traveling at a speed of from 40 to 50 miles per hour. Martin, assuming that the approaching vehicle would return to its proper lane, continued to travel in his own lane of traffic for about five seconds after first observing it, until he realized that the driver of the other vehicle did not intend to return to his proper lane. Martin then applied his brakes in an unsuccessful attempt to avoid the accident. Our Supreme Court held that Martin had a right to assume that the other vehicle would return to its proper lane of traffic, and thus that he was not negligent in continuing in his own lane for a considerable distance after first seeing the other car.
In the recent case of Jones v. Continental Casualty Company of Chicago, Illinois, 246 La. 921, 169 So.2d 50, the driver of a truck observed an automobile about 600 feet away approaching from the opposite direction in the truck’s lane of traffic. The truck driver, assuming that the automobile would return to its proper lane of traffic, did not attempt to turn off the highway or to stop until the vehicles were about 75 feet apart, and then he turned to his left, the collision occurring in the automobile’s lane of traffic. A period of between 2.3 and *228 3.9 seconds elapsed between the time the truck driver first observed the car and the time of the accident. Our Supreme Court held that under those circumstances the truck driver was free from negligence.
In the instant suit, the cars were only 300 feet apart when Patterson first saw the approaching vehicle, and they were 50 feet apart when both drivers turned off the concrete slab. Considering the speed of each of the vehicles and the distance each obviously traveled during that time, it is apparent that Patterson could not have traveled more than 143 feet between the time he first observed the Jackson car and the time he applied his brakes and turned to his right. He could not have traveled more than 172 feet from the time he first observed the Jackson car and the time of the collision. Assuming facts most favorable to the plaintiff, not more than 2.8 seconds could have elapsed between the time Patterson first observed the Jackson car and the time he turned his vehicle sharply to the right, and less than four seconds must have elapsed between the time the Jackson vehicle first came into Patterson’s view and the time of the accident.
The evidence also shows that Patterson became aware of the danger and took steps to avoid an accident in time to allow him to get the front part of his car completely off the concrete slab. The Jackson car crossed the northbound lane of traffic and collided with the Patterson vehicle on the shoulder on Patterson’s side of the highway.
 In our opinion the rules applied by the Supreme Court in the Martin and Jones cases, supra, are applicable here. When Patterson first observed the Jackson car approaching partially in its wrong lane of traffic, he had the right to assume that Jackson would return to his proper lane of traffic, and in view of that right we feel that he was not negligent in continuing to drive a little further in his own lane of traffic, particularly since he was traveling at a relatively slow rate of speed and at all times was able to get completely off the traveled portion of the highway. He obviously was maintaining a proper lookout and was exercising reasonable care, because he did turn to his right in ample time to get off the highway and on the shoulder before the collision occurred. It would require some speculation to conclude that the accident would not have happened if Patterson had turned and driven on the shoulder earlier.
In our opinion the trial judge erred in concluding that Patterson was negligent, and accordingly, we feel that the judgment appealed from must be reversed.
For the reasons herein set out, the judgment appealed from is reversed, and judgment is rendered herein in favor of defendant, rejecting plaintiff’s demands at her costs. ' All costs of this appeal are assessed to plaintiff-appellee.
Reversed.
On Application for Rehearing.
En Banc. Rehearing denied.