REDMANN, Judge.
This appeal seeks reduction (and appel-lee’s answer seeks increase) in quantum of a judgment on a jury verdict for $40,-148.28 damages for the injury and wrongful death of plaintiff’s brother. We affirm.
From awards of $1,750 and $3,000 to other sisters of decedent (not here involved), and from absence of evidence on pain and suffering during the few breaths between accident and death, defendants argue that any allowance for pain and suffering in appellee’s award must be minimal. Then, by calculations from work and life expectancies and $1,034 annual support to appellee, defendants argue her loss of support discounted at 6% could not exceed $11,800. Funeral costs, apparently paid by *199 plaintiff, were $1,148.28. Defendants argue the jury’s allowance for general damages to appellee was thus about $25,000.
Defendants cite Freeman v. United States Cas. Co., 88 So.2d 423 (La.App.1956) where $12,500 including loss of support was allowed and Broussard v. American Indem. Co., 125 So.2d 499 (La.App.1960), where $3,500 was awarded for loss of an adult sister. Defendants argue $25,000 is manifestly excessive. Plaintiff cites Clair v. Gaudet, 144 So.2d 638 (La.App.1962) where $10,000 to a three-year-old for loss of his five-year-old sister was affirmed.
It is questionable whether we could declare $25,000 too much for the loss of a brother with whom plaintiff lived all her life, whose relationship to plaintiff is indicated by his having undertaken the support of both plaintiff and her disabled husband when his own earnings were $4,500 yearly. Since there can be no mathematical evaluation of loss of companionship, love and affection, it would be difficult to conclude that $25,000 to a 56-year-old sister under the circumstances for loss of her 58-year-old brother of such proven worth is excessive, when $10,000 to a three-year-old for loss of his five-year-old sister is not excessive.
Even so, we are unable to conclude that $25,000 was allowed on this account. The deceased’s income tax form showed $1,034 as the amount provided by deceased for the support of his sister and an identical amount for the support of her disabled husband. The jury may have concluded that $2,068 was provided by the deceased for the support of his sister since, whatever support the sister received, she would have had to share with her disabled husband. An award of $1,034 a year would not support the sister as her brother supported her because she cannot abandon her husband to starve. Despite the deceased’s proper claim of tax exemptions for both the sister and her husband, and despite the fact that the husband alone would not under C.C. art. 2315 have had a claim for wrongful death damages, we believe the jury would not have erred if it viewed the sister’s loss of support as $2,068 a year.
Under the circumstances we conclude the lump sum award was not manifestly excessive and should not be reduced.
We also conclude we should not increase quantum. A $6,000 increase was asked alternatively, in the event we could adopt a mathematical formula for loss of support. Mathematical formulae, although relevant, are not controlling. Pennington v. Justiss-Mears Oil Co., 242 La. 1, 134 So.2d 53 (1961).
The judgment is affirmed.