KNOLL, Judge.
James Neal Collins (hereafter plaintiff) appeals the judgment of the trial court casting him 33% at fault in his damage claim against Russell J. Sonnier (hereafter defendant), and defendant’s insurer, State Farm Mutual Automobile Insurance Company. Plaintiff sued defendant for personal injuries he received when defendant’s automobile collided head-on with plaintiff’s automobile in plaintiff’s lane of travel. The trial court awarded damages of $75,-398.41 but reduced plaintiff’s recovery for contributory negligence by one-third. Plaintiff argues that the trial court erred: (1) in reducing his damage award by 33% under the comparative negligence doctrine; and (2) in excluding the testimony of an eyewitness because he was not included on plaintiff’s witness list. We amend, finding the trial court clearly wrong in its assessment of 33% fault to plaintiff, and affirm as amended.
FACTS
This vehicular collision occurred on Highway 128, a two lane roadway, between Lafayette and New Iberia on January 21, 1982. Plaintiff’s automobile was traveling in the westbound lane toward Lafayette; defendant was traveling eastbound toward New Iberia. As plaintiff’s vehicle negotiated an “S” curve, plaintiff observed defendant’s vehicle in the wrong lane, i.e., traveling against traffic in plaintiff’s lane. As defendant’s vehicle approached, still in the improper lane, plaintiff steered his vehicle into the eastbound lane to avoid a head-on collision with defendant; defendant mirrored plaintiff’s maneuver by returning to his correct lane of travel. In a second attempt to avoid a collision plaintiff returned his vehicle to his proper lane of travel. Despite these efforts, defendant again crossed the center line, striking plaintiff’s vehicle head-on in plaintiff’s proper lane of travel. The investigating officer charged defendant with operation of a vehicle under the influence of intoxicants; in subsequent criminal proceedings defendant pleaded guilty to the reduced charge of reckless operation of a vehicle. As a result of the vehicular accident plaintiff suffered injuries to his neck and lower back, and eventually underwent treatment of a ruptured disc by having chymopapain injected into the damaged lumbar disc.
APPORTIONMENT OF FAULT
The trial court found that there was no question that defendant’s action was the initiating factor without which the accident would not have occurred. However, the trial court held that since plaintiff failed to pull his vehicle as far as possible to the right onto the shoulder, one-third of the fault should be apportioned to him.
In a tort action where the only real issue is the reasonableness of conduct, the determination and apportionment of fault are factual considerations. Varnado v. Continental Ins. Co., 446 So.2d 1343 (La.App. 1st Cir.1984). Appellate courts *473 will not disturb these findings unless, for articulated reasons, those findings are found to be clearly erroneous. Triangle Trucking Co. v. Alexander, 451 So.2d 638 (La.App. 3rd Cir.1984). Here, we conclude that the trial court was clearly wrong in finding any negligence on plaintiffs part which was the legal cause of this accident.
The trial court emphasized that under pre-comparative fault plaintiff would have been free from fault because of the doctrine of sudden emergency; however, because of the inapplicability of the sudden emergency doctrine to this case, its decision was that plaintiff was guilty of failing to timely take evasive action, and that his maneuver to the left was improvidently chosen.
Whereas we do not conclude that the sudden emergency doctrine should have absolved plaintiff of fault, the trial court improperly concluded that plaintiff failed to react to defendant’s intrusion in sufficient time. Louisiana jurisprudence has consistently held that “the duty of an automobile driver, who is on the right side of the street, to stop or take other precautions to avoid a collision with an approaching vehicle, only arises when by due care he discovers that another on the wrong side of the street cannot or will not himself turn to the right to clear his way.” Patterson v. St. Paul Mercury Insurance Company, 173 So.2d 224 (La.App. 3rd Cir.1965). This rule of law is based on the premise that a motorist, proceeding on the right side of the travelled highway, has a right to assume that the driver of a vehicle approaching on the same side will obey the law, and to act upon such assumption in determining his own manner of using the road. Patterson, supra. On this basis Louisiana courts have found evasive action timely when the improperly laned vehicle was first seen as far away as 1,000 feet. Jones v. Continental Casualty Co. of Chicago, Ill., 246 La. 921, 169 So.2d 50 (1964). See also Martin v. Firemen’s Insurance Co. of Newark, N.J., 241 La. 1047, 132 So.2d 892 (1961), 500 feet, and Patterson, supra, 300 feet. The record establishes that plaintiff was traveling at approximately 40-45 m.p.h. in his correct lane of travel, and first observed defendant in the wrong lane several hundred feet prior to the accident. Under Jones, supra, and the other case law cited above we cannot agree with the trial court’s conclusion that the plaintiff failed to timely take evasive action.
Since the present case was tried, the Supreme Court has provided guidelines in Watson v. State Farm Fire and Cas. Ins. Co., 469 So.2d 967 (La.1985) for consideration in the apportionment of fault:
“ ‘In determining the percentages of fault, the trier of fact shall consider both the nature of the conduct of each party at fault and the extent of the causal relation between the conduct and the damages claimed. ’
In assessing the nature of the conduct of the parties, various factors may influence the degree of fault assigned, including: (1) whether the conduct resulted from inadvertence or involved an awareness of the danger, (2) how great a risk was created by the conduct, (3) the significance of what was sought by the conduct, (4) the capacities of the actor, whether superior or inferior, and (5) any extenuating circumstances which might require the actor to proceed in haste, without proper thought. And, of course, as evidenced by concepts such as last clear chance, the relationship between the fault/negligent conduct and the harm to the plaintiff are considerations in determining the relative fault of the parties. ” (Emphasis added.)
In the case sub judice it was uncontra-dicted that: (1) the plaintiff chose not to take evasive action to the right because the roadway was paralleled by a very deep ditch which has trees in it; (2) the accident occurred after plaintiff returned completely into his lane of travel; and (3) defendant’s actions were precipitated by drinking. Application of the Supreme Court’s guidelines to this case, particularly plaintiff’s necessity to hastily react to defendant’s failure to leave the incorrect lane of travel, convinces us that the cause of this accident rests *474 solely with defendant. Further, this accident occurred after plaintiff aborted his evasive maneuver to the left, and after he returned completely to the right lane. Therefore we conclude the trial court unduly deemphasized plaintiffs necessity to hastily react to the risk created by defendant’s conduct, and was clearly wrong in allocating fault to him on this basis.
Because of our treatment of plaintiffs first assignment of error, we pretermit discussion of plaintiffs remaining argument.
For the foregoing reasons the judgment of the trial court is amended to excise any allocation of fault to plaintiff. In all other respects the judgment of the trial court is affirmed. Costs of this appeal are assessed against Russell J. Sonnier and his insurer, State Farm Mutual Automobile Insurance Company.
AMENDED, AND AFFIRMED AS AMENDED.